### 11471. Doster *v.* State of Georgia.

Stephens, J. 1. Where a case proceeds to trial against two defendants without objection, and there is introduced evidence by one of the defendants, and no evidence is introduced by the other defendant, the plaintiff is entitled to open and conclude the argument; and an exception by the defendant who introduced no evidence, to a ruling of the trial judge denying him the right to open and conclude the argument, is without merit. *King* v. *King,* 37 *Ga.* 205.

2. Evidence that an automobile was found disabled and partially wrecked in a public road, that the inside of the automobile was wet and saturated with a liquid that smelt strongly of corn whisky, that there was found near the automobile, on the side of the road under a wire fence, an imprint of a keg, and close thereby in the bushes several kegs were found, one of which contained a liquid, and all smelling strongly of corn whisky, is sufficient to warrant the inference that the automobile was engaged in transporting intoxicating liquors along the public road, contrary to law.

3. The trial judge did not err in admitting evidence to the effect that, about twenty minutes after the automobile was wrecked, several men came up in another automobile and went into the woods in the neighborhood of the wrecked automobile and found some kegs, which they placed in their automobile and hauled away, and that an hour and a half after the alleged wreck several kegs and a jug which smelt strongly of whisky were found in the neighborhood of the wreck. Such evidence was relevant to the issue and tended to establish the fact that the disabled automobile had been engaged in transporting intoxicating liquor.

4. There was evidence to support the verdict condemning the automobile as the property of the defendant upon the ground that it was, with his knowledge, engaged in transporting intoxicating liquor along a public road in the county, contrary to law.

 *Judgment affirmed. Jenkins, P. J., and Smith, J., concur.*
  Decided November 2, 1920.

Condemnation under liquor law; from Barrow superior court — Judge Cobb. February 25, 1920.

*Richard B. Russell, Richard B. Russell Jr.,* for plaintiff in error.
*W. O. Dean, solicitor-general,* contra.