29518.   CO-OP CAB COMPANY *v.* PRESTON *et al.*

SUTTON, J.   The plaintiff brought suit against the defendant cab company and the defendant bus company to recover damages for injuries sustained as the result of alleged concurrent negligence of both. The evidence showed that the plaintiff was a passenger on a bus of the defendant bus company from Atlanta to Athens; that as the bus was about a half mile or more from the bus terminus in Athens, traveling on a busy city street at about twenty to twenty-five miles per hour, the plaintiff, in anticipation of soon disembarking from the bus, arose from his seat and stood in the aisle of the bus to remove his overcoat from an upper rack; that at that instant a servant of the cab company, who for a block or more had been driving one of the cab company's cars in front of the bus, with knowledge that the bus was twenty to twenty-five feet behind it, having received a signal from a prospective passenger on the sidewalk on his right, along which an automobile was in the act of pulling away from the curb, suddenly stopped the cab in front of the bus without giving notice of his intention to do so by extending his hand as required by law, and that the bus driver, to avoid a collision with the cab, suddenly put on brakes and stopped the bus, between street intersections, within two or three feet of the cab, but in so doing caused the plaintiff passenger to be thrown against the front portion of the bus with resulting injuries. The jury returned a verdict for the plaintiff against the defendant cab company only. The exception here is to the judgment overruling the defendant cab company's motion for new trial. *Held:*

1. Under the evidence the jury was authorized to find that the proximate cause of the plaintiff's injuries was the negligence of the cab driver in suddenly stopping his vehicle without indicating his intention to do so by extending his hand as required by law, and to return the verdict in favor of the plaintiff.

2. While testimony as to a custom or usage obviously dangerous, especially where it does not appear that it was acquiesced in by the defendant, is not admissible in evidence in a negligence case (*Mayfield* v. *Savannah, Griffin &c. Railroad Co.*, 87 *Ga.* 374 (2), 13 S. E. 459; *Metropolitan Street R. Co.* v. *Johnson*, 91 *Ga.* 466 (2), 18 S. E. 816), still, in a suit against a cab company and a bus company for an injury to a passenger under the circumstances hereinbefore related, testimony of a known custom or usage of passengers on busses of the defendant bus company in the performance of an act similar to that of the plaintiff, arising from a seat and standing in the aisle of the bus and reaching for a garment in an upper rack, was competent evidence on the trial of the present case, not to justify or excuse the passenger's act at a time when obviously it would be dangerous, but as illustrating, at a time when the operation of the bus was normal and ordinary, the nature of the act as bearing on the passenger's alleged negligence. *Auld* v. *Southern Railway Co.*, 136 *Ga.* 266 (71 S. E. 426).

3. The objections to certain alleged conclusions in the testimony of the plaintiff as to the manner in which the bus was stopped, "It would necessarily take a sudden stop to jerk a man off of his feet," and "It was like lightning struck you instantaneously," are without merit.

4. While the plaintiff in error, the cab company, introduced no evidence, the bus company offered testimony to oppose that given on behalf of the plaintiff; and in these circumstances the plaintiff was entitled to open and conclude the argument to the jury, and the court did not err in denying that privilege to the plaintiff in error. *King* v. *King*, 37 *Ga.* 205; *Doster* v. *State*, 25 *Ga. App.* 723 (104 S. E. 642).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

Decided June 6, 1942. Rehearing denied July 10, 1942.

*Erwin & Nix,* for plaintiff in error.

*Carlisle Cobb, Henry H. West, William H. Mewbourne, Brandon, Hynds & Tindall, Matthews & Smith, Scott Candler,* contra.

