**BAILEY, Plaintiff-Appellant, v. HUFF, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5549. Decided December 19, 1957.

George E. Tyack, Howard F. Wehr, Columbus, for plaintiff-appellant.
Gingher & Christensen, Paul R. Gingher, of Counsel, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court rendered upon a verdict directed for the defendant at the close of the plaintiff's case. The action was one for damages for personal injuries suffered by the plaintiff while a guest passenger in the automobile owned and operated by the defendant.

The only question presented is whether the plaintiff offered sufficient evidence to make a prima facie case showing that the defendant was guilty of "willful or wanton misconduct" in the operation of his automobile and which was the cause of the plaintiff's injuries. Such a fact must be found to exist before liability attaches. **Sec. 4515.02 R. C.**

The facts as shown by the record establish that the plaintiff and the defendant's wife were employed at the Ternstedt Division of the General Motors Corporation, terminating their employment at the same time on the date of the injury; that defendant called at the plant for the purpose of taking his wife home and since the plaintiff lived next door to the defendant she became a passenger in the car with the wife, both being seated in the front seat. The defendant then proceeded in a northerly direction a short distance to West Broad Street where he made

a right turn into Broad Street and headed eastward. Broad Street is a divided highway with two lanes of traffic in each direction. The defendant then proceeded eastward at 35 to 40 miles per hour, which is a lawful rate of speed, for a total distance of approximately one mile when he arrived at the intersection of West Broad Street and Wilson Road. Just prior to this intersection there is a third traffic lane for those cars making a left turn into Wilson Road. There was some evidence that in changing over to the inside traffic lane in preparation for making a left turn into Wilson Road the defendant cut sharply into the lane of a truck traveling in the same direction, narrowly averting a collision. The defendant then made a left turn across the westerly lanes of Broad Street without slacking his speed and in so doing was struck by an automobile proceeding in a westerly direction in Broad Street. There were no signs at this intersection controlling the traffic, and nothing to obstruct the defendant's view of the approaching vehicle. Neither the plaintiff nor the defendant saw the approaching car; hence. there is no evidence that the defendant acted wilfully in the face of a dangerous situation, by taking a chance which would in all probability result in a collision between two cars.

The record also discloses that the defendant was familiar with this intersection having passed over the same on many occasions. It also appears that the defendant had consumed some beer that evening, was arrested after the accident and charged with driving while intoxicated. to which a plea of guilty had been entered.

While driving in the aforesaid manner in West Broad Street the wife requested the defendant to permit her to drive, although she testified she had no driver's license. The plaintiff also testified she asked the defendant to let her out of the car after he narrowly averted the collision with the truck. This probably could not have been done with safety as West Broad Street is a much traveled thoroughfare

The question presented, therefore, became one of law, whether or not the evidence when viewed in its most favorable light towards the plaintiff, was sufficint to establish the fact that the defendant was guilty of "wanton misconduct." The latest expression of what is meant by this term is found in the case of **Helleren v. Dixon, 152 Oh St 40,** the first paragraph of the syllabus of which provides:

"Within the meaning of §6308-6 GC, wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury. (**Universal Concrete Pipe Co. v. Bassett, 130 Oh St 567,** approved and followed.)"

Since the defendant had no knowledge of the approaching automobile he was not aware of the fact that his crossing of Broad Street would probably result in injury. There was therefore no disposition to perversity as the danger never become apparent. The cited case also holds that when there is no substantial evidence tending to prove wilful or wanton misconduct within the meaning of the auto guest statute, the

trial court should grant the defendant's motion for a directed verdict. When Judge Leach passed upon the plaintiff's motion for a new trial he cited numerous cases supporting his conclusion that the defendant had not been guilty of wanton misconduct. A repetition of these authorities would serve no useful purpose; hence we feel that this need not be done.

We are in full accord with the legal pronouncements found in Judge Leach's opinion, and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.