38161. HAMBY *v.* HAMBY.

DECIDED MAY 17, 1960.

*J. Paxson Amis, James Maddox,* for plaintiff in error. *Pittman, Kinney & Pope, H. E. Kinney,* contra.

BELL, Judge. The petition as amended sets out in substance the following facts which this court must accept for purposes of determining whether or not there is a cause of action stated in the petition. The plaintiff in this action was riding as an invited guest in the automobile of the defendant in the City of Cleveland, Ohio, on May 5, 1957. The street on which the car was being driven was within the business district of the city where the maximum permissible and legal speed was 25 m.p.h. as set out in the Traffic Code of the City of Cleveland. The defendant was driving at the unlawful rate of speed of 35-40 m.p.h. and was following not more than 10 feet behind an automobile driven by an unknown person, and while driving in this manner, the defendant was not keeping a lookout in the direction in which he was going. The traffic light at an intersection which they were approaching turned red and the unknown person, in obedience to the traffic light, stopped his automobile, and the defendant smashed into the rear of the stopped automobile and as a result the plaintiff was severely injured. The defendant was immediately charged with the offense of reckless driving in the City of Cleveland Municipal Court and there entered his plea of guilty.

The petition sets out the law of Ohio, which will govern the matters of substance in this action for personal injuries, as follows: Ohio Revised Code Annotated § 4515.02, "The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle." The only problem presented here by the parties is whether or not the petition sets forth a cause of action on the part of a guest against the owner and operator of an automobile for wanton misconduct in causing the injuries of the plaintiff under the Ohio law as pleaded. See *Bolton* v. *Bluestein,* 55 *Ga. App.* 782 (191 S. E. 388), and *Ousley Co.* v. *Ledbetter,* 44 *Ga. App.* 375 (161 S. E. 634). To state a cause of action under these circumstances, the facts alleged must show wanton misconduct on the part of the operator sufficiently persuasive to entitle the matter to go to the jury for determination.

There is no question but that the petition alleges the driving of the defendant's automobile was in a wanton manner, and the facts as alleged amply substantiate the basis for this conclusion.

It seems that driving an automobile 35 m.p.h. only 10 feet behind another car in a 25-mile zone of a metropolitan area must be considered a very high degree of carelessness or misconduct. Further, to have driven in that manner without extreme vigilance on the part of the driver and near an intersection where there were stop lights, must be accepted as having further compounded this already high degree of dereliction. This court cannot say as a matter of law that the driving as alleged in the petition is not wanton misconduct within the meaning of the Ohio law. The allegations of the petition, if accepted as true, indicate the final decision on this matter must be left to the jury, and the order sustaining the demurrer to the petition is hereby

*Reversed. Felton, C. J., and Nichols, J., concur.*