21109.   HEIMAN *et al.* v. WYNN.

Argued January 10, 1961—Decided February 9, 1961.

*Hurt, Gaines, Baird, Peek & Peabody, Joe C. Freeman, Jr.,* for plaintiffs in error.

*Bullock, Yancey & Mitchell, Kyle Yancey, Harris Bullock,* contra.

Grice, Justice. The Court of Appeals certified to this court the following question: "Do the provisions of Ga. *Code Ann.* § 110-113 (Ga. L. 1953, Nov. Sess., pp. 440, 444; 1957, pp. 224, 236), which read in part as follows: 'Whenever a motion for a directed verdict, made at the close of all the evidence is denied, or for any reason is not granted, a party who has moved for a directed verdict, within 30 days after the reception of verdict, may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for directed verdict; . . .' by the use of the specific language providing for the making of a motion for a directed verdict at the close of all the evidence, have the effect of superseding the holdings in the cases of *Hines v. McLellan,* 117 Ga. 845; *Durden v. Henderson,* 212 Ga. 807; *Southwind Trucking Co. v. Harvey,* 96 Ga. App. 715; *City of Albany v. Humber,* 101 Ga. App. 276, 279, and all similar cases and cases based thereon, to the extent that it is now proper for a defendant to make a legal motion for a directed verdict in a case where the plaintiff has presented evidence and closed his case and where the defendant elects to present no evidence and announces in open court that he has closed his case?"

The answer to this question is provided by the recent decision of this court in *Southern Railway Company v. Scott,* 215 Ga. 739 (113 S. E. 2d 459), where the situation under consideration was analogous to that in the question sub judice.

In the certified question, after the plaintiff had presented his evidence and closed his case, the defendant elected to present no evidence, announced in open court that he had closed his case, and moved for a directed verdict. In the *Southern Railway* case, supra, the defendant presented no evidence, and, as

the original record shows, rested its case and moved for a directed verdict. By resting, without having itself presented evidence, the defendant in the *Southern Railway* case did in substance everything that the defendant in the certified question did. Thus the two situations are comparable.

Upon review of the overruling of the later motion for a judgment notwithstanding the verdict, made by the defendant in the *Southern Railway* case, this court held (p. 743): " 'A defendant does not have the right to ask the court to direct a verdict in his favor on the conclusion of the plaintiff's evidence, because if the plaintiff has not made a case against him, he may move for a nonsuit, or go to the jury with the evidence before them and claim that he is entitled to a verdict on the ground that no case is made out against him, but the court will not on motion order a verdict for the defendant.' *Smith v. Robinson*, 212 Ga. 761, 763 (95 S. E. 2d 798), and cases cited; *Seymour v. Seymour*, 210 Ga. 49, 50 (77 S. E. 2d 433).

"The trial court did not err in denying the defendant's motion for a judgment notwithstanding the verdict, since its motion for a directed verdict was properly denied. Ga. L. 1957, pp. 224, 236 (*Code Ann.* § 110-113); *Shockey v. Baker*, 212 Ga. 106, 108 (90 S. E. 2d 654); *Durden v. Henderson*, 212 Ga. 807, 808 (96 S. E. 2d 362)."

The defendant in the *Southern Railway* case, supra, made a motion for rehearing and urged that by resting its case "at the close of all the evidence," it had made a proper motion for a directed verdict in compliance with *Code Ann.* § 110-113 relating to a judgment notwithstanding the verdict. The motion for rehearing was denied.

The answer in *Southern Railway Company v. Scott*, supra, is definitive, and thus the question propounded here is answered in the negative.

*All the Justices concur.*