### 38430.   HEIMAN *et al.* v. WYNN.

BELL, Judge.   The Court of Appeals certified the following question to the Supreme Court: "Do the provisions of *Code* § 110-113, *Code Ann.* (Acts 1953, Nov. Sess., pp. 440, 444; 1957, pp. 224, 236), which read in part as follows: 'Whenever a motion for a directed verdict, made at the close of all the evidence is denied, or for any reason is not granted, a party who has moved for a directed verdict, within 30 days after the reception of verdict, may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for directed verdict; . . . ' by the use of the specific language providing for the making of a motion for a directed verdict at the close of all the evidence, have the effect of superseding the holdings in the cases of *Hines v. McLellan,* 117 Ga. 845; *Durden v. Henderson,* 212 Ga. 807; *Southwind Trucking Co. v. Harvey,* 96 Ga. App. 715; *City of Albany v. Humber,* 101 Ga. App. 276, 279, and all similar cases and cases based thereon, to the extent that it is now proper for a defendant to make a legal motion for a directed verdict in a case where the plaintiff has presented evidence and closed his case and where the defend-

ant elects to present no evidence and announces in open court that he has closed his case?"

By its decision of February 9, 1961, in the case of *Heiman v. Wynn*, 216 Ga. 569 (118 S. E. 2d 478), the Supreme Court answered the question in the negative, and held that "The enactment of procedure for a motion for judgment notwithstanding the verdict (*Code Ann.* § 110-113, Ga. L. 1953, Nov. Sess., pp. 440, 444; 1957, pp. 224, 236), has not changed the rule so as now to permit a defendant in a civil case, upon the close of the plaintiff's evidence, to close his case without offering any evidence and thereupon make a motion for a directed verdict."

In the case before us the defendant did not comply with the requirements of the law as to the making of a legal motion for a directed verdict, and accordingly the defendant's motion for a judgment notwithstanding the mistrial lacked this essential condition precedent.

The trial court did not err in overruling the defendant's motion for a judgment notwithstanding the mistrial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED MARCH 2, 1961.

*Hurt, Gaines, Baird, Peek & Peabody, Joe C. Freeman, Jr.,* for plaintiffs in error.

*Bullock, Yancey & Mitchell, Harris Bullock, Kyle Yancey,* contra.