38770. HAMBY v. HAMBY.

DECIDED MAY 16, 1961—REHEARING DENIED JUNE 13, 1961.

*Charles Pannell, Pittman, Kinney & Pope, H. E. Kinney, L. Hugh Kemp,* for plaintiff in error.

*J. Paxson Amis, James Maddox,* contra.

BELL, Judge. ■ We first consider whether the trial judge properly overruled the motion for judgment notwithstanding the verdict. It is necessary, as a condition precedent to a valid motion for judgment notwithstanding the verdict, that a legal

motion for a directed verdict be made at the time when the party making it had the right to have a directed verdict. *Durden v. Henderson*, 212 Ga. 807 (1) (96 S. E. 2d 362). Here, *as the law was at the time of the trial of this case*, since the defendant did not offer any evidence, the motion for a directed verdict was not properly made. Thus, there was no foundation for the motion for judgment notwithstanding the verdict. *Heiman v. Wynn*, 216 Ga. 569 (118 S. E. 2d 478), and *Heiman v. Wynn*, 103 Ga. App. 204 (119 S. E. 2d 76). The fact that the defendant was questioned by his own counsel on material issues in the case at the time he was called by the plaintiff for cross-examination did not constitute the offering of evidence so as to make the motion for a directed verdict a proper one. *Sutherland v. Woodring*, 216 Ga. 621 (118 S. E. 2d 482); *Sutherland v. Woodring*, 103 Ga. App. 205 (3) (118 S. E. 2d 846). Under these authorities which govern this case, there was no legal motion for judgment notwithstanding the verdict. The trial court properly overruled it.

*(Ironically, it is to be observed that by House Bill 581, Act No. 222, the 1961 Session of the General Assembly has changed the law so that it is now possible for a defendant to make a legal motion for a directed verdict although he offers no evidence in the case, "if the parties have closed their respective cases."* Ga. L. 1961, p. 216.)

■ We now consider the motion for new trial on the general grounds.

The parties to this action stipulated, correctly so, that the following code section of Ohio law was controlling: "Code Sec. 4515.03. The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, resulting from the operation of said motor vehicle, while such guest is being transported without payment therefor in or upon said motor vehicle, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

In addition to the Ohio statutory law, ordinances of the city of Cleveland were introduced in evidence. These ordinances,

respectively, were represented as reading as follows: No. 9.1306: "No person shall operate a motor vehicle, trackless trolley or street car in and upon any street at a speed greater than or less than is reasonable or proper, having due regard to the traffic, surface and width of the street and of any other condition then existing, and no person shall drive any motor vehicle, trackless trolley or street car in and upon any street at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. It shall be prima facie lawful for the operator of a motor vehicle, trackless trolley or street car to drive the same at a speed not exceeding the following: Twenty-five (25) miles per hour in all other portions of the city"; and No. 9.1304; "No person shall operate a vehicle, trackless trolley or street car in and upon the streets without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, trackless trolleys and street cars and so as to endanger the life, limb or property of any persons while in the lawful use of the streets."

There was also tendered in evidence a charge of reckless driving made against the defendant showing that he pleaded guilty.

Since there is set out in the record the applicable Ohio statute governing the right of the plaintiff to recover, the decisions construing the statute by the court of last resort in that state will be adopted. *Lee v. Lott,* 50 Ga. App. 39 (1) (177 S. E. 92), and cases therein cited. See also *Hamby v. Hamby,* 99 Ga. App. 808 (3), supra. See also *Code* §§ 38-112, 38-622, and 38-627.

It now becomes necessary to determine whether under the evidence adduced at the trial, weighed by the law of Ohio, the verdict for the plaintiff is contrary to the evidence or the law. The plaintiff testified on direct examination that he could not tell how fast his son, the defendant, was traveling, but he would say between 30 and 45 miles an hour; that he did not know what color the traffic light was; that he was not paying any attention to the defendant's driving; that the first thing he knew "we was bumping automobiles . . . and was being loaded in an ambulance"; he could not say which side of the street they were on. The plaintiff, on cross-examination, placed

the speed at between 20 and 35 miles an hour; said he couldn't state the speed of either of the other cars, that his son wasn't passing a car but was going in the lane of traffic "just normal city driving." Later in cross-examination he placed the speed at 25 or 30 or 35 miles an hour.

The defendant, on cross-examination, testified that his speed was probably between 30 and 40 miles an hour; that there was a car immediately in front of him; that he did not notice the traffic light and was going to make a left turn before he got to the light, and that he was looking to the left and did not see the truck "until it hit me"; before hitting the truck he struck the right rear of the car ahead of him. The defendant testified that the truck was turning left and that he saw the truck "just as I was coming at him." He further testified that he didn't know where the truck was and he did not know how fast the other cars were going. On redirect examination, the defendant testified that the car ahead of him stopped suddenly as he was making a left turn; that he struck this car in the left rear "more or less in the center to the side" as he was trying to turn.

Under the Ohio statutory law, it is incumbent upon the plaintiff, who was a guest in the vehicle of the defendant, in order to recover for his injuries, to show that the injuries were caused by the *wilful or wanton misconduct* of the operator, owner, or person responsible for the operation of the motor vehicle. However, the plaintiff's petition as amended charged that the defendant's conduct consisted of *wanton negligence and misconduct.* We construe this allegation as charging wanton misconduct, and regard the term "negligence" as surplusage.

Our examination of the Ohio cases reveals that they consider wilful or wanton misconduct to be a distinct and separate kind of act and not any species of negligence. The leading case by the Ohio Supreme Court appears to be Universal Concrete Pipe Co. v. Bassett, where it is stated that "Wantonness is a synonym for what is popularly known as 'cussedness', and cussedness is a disposition to perversity. An act or omission does not become wanton at the whim or caprice of the pleader any more than a threatened injury in a suit for injunction becomes irreparable simply because the pleader says so. Facts must be

pleaded which reveal on their face the element of wantonness, and they must be proved as pleaded." Universal Concrete Pipe Co. v. Bassett, 130 Ohio St. 567 (200 N. E. 843, 119 A. L. R. 646), noted 10 U. of Cinn. L. Rev. 485. See also Restatement of Torts, §§ 282 and 500; and Higbee Co. v. Jackson, 101 Ohio St. 75 (128 N. E. 61, 14 A. L. R. 131). It appears that under Ohio law the simple violation of a statute or ordinance does not of itself constitute wilful or wanton misconduct. In the Universal Concrete Pipe Co. case the Supreme Court of Ohio said that there is no such thing as wilful negligence and there is no such thing as wanton negligence, and cited and quoted with approval Bordonaro v. Senk, 109 Conn. 428 (147 A. 136) as follows: "An action based upon wilful or wanton misconduct is apart from the action for negligent conduct . . . The difference is one of kind, not merely of degree. Negligence does not have for its base either wilfulness or wantonness, while misconduct which is merely negligent is never either wilful or wanton." In applying the law of wanton misconduct in that case the Ohio court found no evidence to warrant the trial court's charging on the proposition of wanton misconduct. There the defendant had parked an unlighted truck on the right-hand side of the street, two feet from the curb, on a misty night, and the failure to display a red light on the rear of a truck and parking more than six inches from the curb were respectively violations of a statute and of a local ordinance.

In a recent Ohio case (Bailey v. Huff), the guest sought to recover for personal injuries sustained in the collision between the automobile in which she was riding and an oncoming vehicle, caused by the host's turning left into the path of the oncoming vehicle. The Court of Appeals of Ohio held that in the absence of a showing that the host had any knowledge of the approaching vehicle, even though there was nothing to obstruct his view of it, he could not have been aware of the fact that his crossing of the highway would probably result in injury, and he was not guilty of wanton misconduct within the meaning of the guest statute. The court affirmed the direction of a verdict for the defendant, citing the case of Universal Concrete Pipe Co., supra, and quoting from Helleren v. Dixon, 152 Ohio St. 40 (86 N. E.

2d 777) as follows: " . . . wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury. Universal Concrete Pipe Co. v. Bassett, 130 Ohio St. 567, 200 N. E. 843, 119 A. L. R. 646, approved and followed." Bailey v. Huff, 152 N. E. 2d 166, 168. The court emphasized in the Bailey case that since the defendant had no knowledge of the approaching automobile, he was not aware of the fact that his crossing of the street and making a left turn would probably result in injury. "There was therefore no disposition to perversity as the danger never became apparent." Ibid, p. 168. See also Tighe v. Diamond, 82 Ohio App. 487 (82 N. E. 2d 99); Vecchio v. Vecchio, 131 Ohio St. 59 (1 N. E. 2d 624); Morrow v. Hume, 131 Ohio St. 319 (3 N. E. 2d 39); Akers v. Stirn, 136 Ohio St. 245 (25 N. E. 2d 286).

In the present case the testimony of both the plaintiff and defendant, who were the only witnesses, reveals that neither had knowledge of the approaching truck. Under the Ohio decisions cited this lack of knowledge precludes wanton misconduct on the part of the defendant so as to make him liable for the injuries to his guest. The verdict for the plaintiff was thus contrary to the Ohio law, and the trial court erred in overruling the motion for new trial on the general grounds.

■ The first ground of the amended motion for new trial contends that the trial court erred in refusing to grant the defendant the right to open and conclude the arguments in this case. This objection is well taken, as the Supreme Court has ruled that the examination of the defendant by his own counsel while on the stand after call by the plaintiff for cross-examination, does not constitute the offering of evidence. Accordingly, the trial court erred in refusing to allow the defendant the right to the opening and conclusion. *Sutherland v. Woodring,* 216 Ga. 621, supra.

The second ground of the amended motion for new trial is meritorious. This ground urges that the following question

and answer called for a conclusion and was self-serving: Q. "When was you able to go back to work?" A. "Well, at my trade I will never be able to do the work I once did." The question of permanency of the disability of the plaintiff was one of opinion, which he, not being an expert, was incompetent to assert. *Atlanta Street Ry. Co. v. Walker*, 93 Ga. 462 (2) (21 S. E. 48).

*The judgment of the trial court overruling the motion for judgment notwithstanding the verdict is affirmed. The judgment of the trial court overruling the motion for a new trial is reversed.*

*Felton, C. J., and Nichols, J., concur.*

ON MOTION FOR REHEARING.

BELL, Judge. The defendant in error in his motion for rehearing strenuously contends that the decision of this court in *Hamby v. Hamby*, 101 Ga. App. 681 (115 S. E. 2d 411), holding that the petition was not subject to general demurrer, settled the law of the case so that upon the subsequent trial a proof of all matters alleged would be sufficient to support a verdict in favor of the plaintiff. While the contention states a basic rule in our law and would prevail were this a case to be determined by Georgia law, it cannot triumph now, as the controlling authority here must be the statute of Ohio and the decisions construing the statute by that State's court of last resort, all as stipulated or waived by counsel.

In order for statutes and decisions of the courts of last resort of sister States to control a case tried in this jurisdiction, it is first necessary that the statutes and the decisions be offered in evidence. Here, counsel entered into a stipulation " . . . as to the Ohio law without any proof, which we entered into before." The previous trial of the case as appealed to this court is reported in *Hamby v. Hamby*, 99 Ga. App. 808 (110 S. E. 2d 133). In the petition here the statute was expressly pleaded, but the decisions of the Supreme Court of Ohio were not. However, in this case (as well as in the first *Hamby* case) the trial court charged the law of Ohio as the Supreme Court of that State has enunciated it in its decisions construing the stipulated statute. In neither the previous case nor this one were objec-

tions raised to this charge, and no assignments of error upon the trial court's charge of the Ohio case law were made by the plaintiff in either case. Further, in the first *Hamby* case the case law of Ohio was considered by this court, and controlled its decision. In addition, the use of the word "law," in the stipulation of counsel imports case law as well as statutory law.

When the petition was before this court on the question as to whether it was subject to general demurrer, there was not and could not have been any evidence for us to consider. Under our system of pleading, it is elemental that one is not required to plead evidence. Accordingly, not being permitted to take judicial cognizance of the decisions of the Supreme Court of Ohio, this court could only construe the pleaded statute in accordance with our own law. By the ruling in *Hamby v. Hamby,* 101 Ga. App. 681, supra, this court merely held that the petition set forth a cause of action as construed under Georgia law, and this is all that was held and all that became the law of the case. Subsequently, however, upon the trial of the case, when in addition to the pleaded statute the decisions of the Ohio Supreme Court came into the record either by stipulation, by proof, or by acquiescence, those decisions then became the law of this State as to this case and became binding upon us.

Even though the statute was the only part of the Ohio law pleaded in the petition, it was not necessary to plead the decisions, because the decisions were, in fact, in the case as evidence as shown by the stipulation of counsel as interpreted by the trial judge and used in his instructions to the jury. In absence of objections or assignments of error as to the interpretation of the stipulation of counsel by the trial court as shown by its use of Ohio case law in the charge, it must be assumed by this court that the trial was had upon the stipulation that these decisions would be considered as evidence.

*The motion for rehearing is denied.*