## 50841. CALHOUN et al. v. THE STATE.

Evans, Judge.

Defendants Calhoun, Walker and Pierce were jointly tried and convicted of burglary; and sentenced to serve ten years (seven years of incarceration and the balance on probation). Defendants appeal. *Held:*

1. Defendants admit having certain items in the automobile in which they were riding, which items had allegedly been stolen, but contend they did not steal them. These items were allegedly found in the woods near a highway. Defendant Pierce, who was driving, stopped the automobile near the woods to let defendants Calhoun and Walker go "to the bathroom." While in the woods they saw a number of items which were later shown to have been stolen from the nearby dwelling of one Mike Craven. One of them picked up several of the items and carried them to

the automobile.

Proof of burglary of his home was made by the owner, Mike Craven, who identified the items in possession of the defendants as his property and taken from the dwelling. The evidence supports the verdict of guilty even though the evidence connecting defendants with the crime was circumstantial. Pierce's car was seen stopped in the locality of Craven's home. Walker and another were seen coming out of the woods and getting into the automobile. Walker had stereo speakers in his hands; he pulled a gun out of the car and shot one time. The auto license tag was traced, and the defendants were later stopped by police officers who found the stolen goods in the automobile. See *Brown v. State,* 133 Ga. App. 56 (5) (209 SE2d 721).

2. On cross examination, defense counsel asked a deputy sheriff about a gun in the automobile found in possession of defendants. The question was: "Did you find out if that one owned the gun?" He answered: "The gun was stolen out of a burglary over in Conyers." Counsel then moved for mistrial because the answer was not responsive to the question and put defendant's character in issue, and thereby prejudiced defendant's case against him. In passing on motions for mistrial the court has a broad discretion, dependent on the circumstances of each case and its ruling thereon will not be disturbed unless manifestly abused, and a mistrial is essential to the preservation of a fair trial. *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384 (6) (130 SE2d 355).

Whether or not the deputy sheriff was trying to bring out the fact that the gun was stolen in another burglary, the question opened the door very wide "to the witness," and actually he was answering in the negative and was simply explaining his answer as he was entitled to do. *Brown v. Wilson,* 55 Ga. App. 262 (2) (189 SE 860); *Gaddy v. State,* 96 Ga. App. 344, 347 (99 SE2d 837); *Marques v. Ross,* 105 Ga. App. 133, 138 (123 SE2d 412). The answer to the question clearly implies a negative answer and went on to explain that the gun was not owned by one of the defendants, because it was stolen in another burglary. We find no error, especially as defense counsel invited such answer and explanation.

The mere fact that the gun was shown to be stolen in

another burglary did not put this defendant's character in issue. This evidence did not show that any of these defendants were involved in that burglary. Further testimony was offered by the defendant to explain how the gun came into his possession from another person. The burden is always on the party alleging error to show it affirmatively by the record. *Sturkie v. Skinner,* 214 Ga. 264, 267 (104 SE2d 417); *Hall v. State,* 202 Ga. 619 (2) (44 SE2d 234), and cits., p. 620.

The fact that the gun was involved in the crime here, and a gun had been fired by one of the defendants near the locality of Craven's dwelling, is so connected up with the crime that the fact that it was stolen in another burglary authorized this fact to be shown in evidence.

3. After defense counsel showed by testimony of defendant Calhoun that he had obtained the pistol from one Bobby White, he offered in evidence an exhibit signed by Bobby White that White had placed a pistol in pawn with Calhoun for $30. Counsel contended that he was placing this exhibit in evidence for "this defendant, not the others." A colloquy then occurred between court and counsel. The court sustained an objection of the district attorney as to the allowance of the evidence for one defendant and not for all of the defendants and thereby sought to eliminate any right of two of the defendants to make closing arguments on the theory that they had not offered evidence. Defense counsel then withdrew the pistol from evidence and this eliminates any question of error in this ruling.

However, if this question were still before us, it might be proper to observe that the trial court could not control the introduction of evidence as it sought to do, by requiring that one defendant offer his evidence on behalf of all other defendants. The law is that if one defendant offers evidence, the right to closing argument is lost to all defendants, whether all of them offer evidence or not. *King v. King,* 37 Ga. 205, 216; *Doster v. State,* 25 Ga. App. 723 (1) (104 SE 642); *Co-op Cab Co. v. Preston,* 67 Ga. App. 580 (4) (21 SE2d 251); *Gilson v. Mitchell,* 131 Ga. App. 321, 322 (205 SE2d 421).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

Submitted July 1, 1975 — Decided September 2, 1975.

*Davis, Davidson & Hopkins, Jack S. Davidson, James L. Brooks,* for appellants.

*Nat Hancock, District Attorney,* for appellee.