### 51309. LAMB v. CENTRAL GEORGIA ELECTRIC MEMBERSHIP CORPORATION.

CLARK, Judge.

Plaintiff Lamb sued the Central Georgia Electric Membership Corporation for loss of three cows which he alleged were lost by reason of negligence by defendant's employees. The negligence was stated in the complaint to be that these employees "did negligently cut, saw and/or break a locked fence on plaintiff's property, and failed to secure said fence, causing plaintiff's cattle to get out. . ." Defendant's agents had entered plaintiff's farm in the exercise of easement rights for maintenance of power poles and wires. At the conclusion of plaintiff's case, the trial court granted defendant's motion for a directed verdict. This appeal followed.

1. Upon the trial of the case, plaintiff failed to present any evidence of negligence on the part of the defendant. "Negligence is not to be presumed, but is a matter for affirmative proof. [Cit.] In the absence of affirmative proof of negligence, we must presume

performance of duty and freedom from negligence. 65A CJS 444, Negligence, § 204. Plaintiff has not overcome this presumption." *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 368 (203 SE2d 587). Accordingly, the trial court did not·err in granting defendant's motion for a directed verdict. Code Ann. § 81A-150 (a).

2. The trial court did not err in refusing to permit plaintiff to testify as to the hearsay statements of his neighbor.

3. The letters offered in evidence do not tend to establish the point in issue. The court did not err in refusing plaintiff's tender.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED DECEMBER 3, 1975.

*William D. Smith,* for appellant.
*Phillip B. Ham,* for appellee.