## 65508. KING v. COMMUNICATIONS, INC.

Banke, Judge.

Appellant King injured herself in a fall which occurred when she stepped on the surface of a trench dug and repacked by appellee for the purpose of laying underground cable. She sued, alleging that appellee's workmen were negligent in installing the cable. Appellee denied any negligence and responded that Mrs. King's injuries were the result of her own negligence. The trial court instructed the jury on the law of negligence, including the doctrines of proximate cause, intervening cause, *res ipsa loquitur,* avoidance of consequences, and the standards of care applicable to both parties. The jury found in favor of the appellee, and appellant's motion for new trial was denied. On appeal, the appellant contends that the trial court's failure to instruct the jury without request on the doctrine of comparative negligence, pursuant to OCGA § 51-11-7 (former Code Ann. § 105-603), constituted a gross miscarriage of justice.

When the court and counsel were discussing the jury instructions to be given, the following exchange took place: THE COURT: "I'm going to charge contributory negligence. I don't think you had a request on comparative, did you?" APPELLEE'S ATTORNEY: "Let me look, Your Honor." THE COURT: "I don't think so. So, I will only charge contributory negligence. There may be some comparative negligence here but I think maybe you might as well just stick to the contributory negligence." APPELLEE'S ATTORNEY: "All right." Appellant's counsel remained silent during this exchange and made no objections or exceptions to to the charge. *Held:*

We must reject the appellant's assertion that she was irreparably prejudiced by the court's failure to instruct the jury on comparative negligence. In the first place, appellant's counsel acquiesced in the omission. Furthermore, the appellant's decision not to request a full charge on comparative negligence might well have been advantageous to her, for what the trial court actually instructed the jury was, in effect, that the appellant's negligence would not bar her from a recovery unless it was equal to or greater than that of the defendant. Thus, we do not regard the court's failure

to give a full charge on comparative negligence to be a gross injustice, or blatantly harmful, or so prejudicial as to have influenced the jury to find against the appellant, so as to authorize a new trial under OCGA § 5-5-24 (c) (Code Ann. § 70-207). See *Pearlman v. Pearlman,* 238 Ga. 259 (2) (232 SE2d 542) (1977); *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (1) (196 SE2d 149) (1973). See also *Herring v. McLemore,* 248 Ga. 808 (2) (286 SE2d 425) (1982); *Brown v. Garcia,* 154 Ga. App. 837 (1) (270 SE2d 63) (1980).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

Decided March 9, 1983 —
Rehearing denied March 28, 1983 — 

*A. Michael Washington,* for appellant.
*James T. McDonald, Jr., Douglas A. Bennett,* for appellee.