65338, 65339. CHILDERS v. MORRIS (two cases).

POPE, Judge.

Appellants Richard D. and Marcetta A. Childers filed separate suits against appellee Gerald M. Morris, seeking damages for injuries suffered in an automobile collision as a result of Morris' alleged negligence. Appeal is brought from verdicts in favor of the defendant-appellee and denial of plaintiff-appellants' motions for new trial.

1. Appellants' first three enumerations of error are on the general grounds. The evidence, while conflicting, was ample to authorize the jury to conclude, as they did, that appellee was driving within the speed limit and with the flow of traffic when appellants' car came to a sudden stop without warning by brake light or hand or mechanical signal, causing appellee's automobile to collide with appellants' vehicle. While appellants' pleadings and testimony alleged totally disabling injuries, the testimony of their expert witness, the treating physician, indicated that they were not so serious and that some of the injuries complained of were pre-existing or suffered in a later automobile collision. There were also inconsistencies throughout the testimony of Mr. and Mrs. Childers, and conflicting testimony as to Mr. Childers' loss of income and ability to resume normal activities.

" 'In passing on the sufficiency of the evidence to support the verdict, the appellate courts are to afford the evidence that view which is most favorable to the appellee and which is designed to uphold the verdict. All conflicts must be rendered against the appellant, and if there is any evidence to support the verdict it must be affirmed. (Cit.)' " *Rollins v. Great Southwest Fire Ins. Co.,* 162 Ga. App. 139, 141 (290 SE2d 353) (1982). The evidence here was ample to authorize the verdict and judgment in favor of appellee. It follows that the trial court did not err in refusing to grant appellants' motions for new trial.

2. Appellants' enumerations of error 4, 5, and 6 assert that the

trial court erred in referring to the Georgia no-fault insurance law during the course of the trial and in its charge to the jury. It is the "rule that generally liability or no-fault insurance coverage of a litigant is not admissible in evidence, and that unnecessary disclosure of such fact is ground for mistrial or reversal. [Cits.] The fact of insurance should never be admitted, much less charged, except and to the extent that it is germane to the issues in the case and necessary for their resolution." *Goins v. Glisson,* 163 Ga. App. 290, 292 (292 SE2d 917) (1982).

In the instant case the appellants' attorney specifically requested the court to instruct the jury that appellants could recover above the $5,000 no-fault statute provisions (OCGA § 33-34-1 et seq.; former Code Ann. § 56-3401b et seq.). The colloquy concerning whether to give these instructions was held outside the presence of the jury, and counsel for appellants subsequently stated that he had no objections to these instructions given as a part of the jury charge. It is clear from the record that during the trial the court and counsel for all parties were in agreement that the instructions now complained of were "germane to the issues in the case and necessary for their resolution." *Goins,* supra. Thus, there was no substantial error requiring reversal under OCGA § 5-5-24 (c) (former Code Ann. § 70-207 (c)). Accord, *King v. Communications, Inc.,* 166 Ga. App. 35 (—— SE2d ——) (1983); *Newman v. James M. Vardaman & Co.,* 162 Ga. App. 878 (1) (293 SE2d 462) (1982); *Hunter v. Batton,* 160 Ga. App. 849 (1) (288 SE2d 244) (1982).

3. The trial court's charge on accident, to which appellants' attorney also specifically acquiesced after making no prior objections, was a correct statement of the law and supported by the pleadings and some possible interpretations of the evidence. Therefore it was not error requiring the grant of a new trial, and the appellants have alleged no compelling grounds justifying reversal under OCGA § 5-5-24 (c) (Code Ann. § 70-207). See *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (1) (196 SE2d 149) (1973).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 7, 1983.

*Maurice Byers,* for appellants.
*Francis M. Lewis,* for appellee.