76628. LISSMORE v. KINCADE et al.
(373 SE2d 819)

McMURRAY, Presiding Judge.

Mary Lissmore (plaintiff) brought an action against Pauline Kincade and F. J. Norman, Jr. (defendants), seeking damages for injuries she allegedly sustained when the vehicle in which she was a passenger collided with vehicles being operated by defendants. The evidence adduced at a jury trial showed that at about 11:30 in the morning on February 21, 1986, plaintiff was a passenger in an automobile being operated by Willa K. Cornelius. Ms. Cornelius was traveling south on Highway 41 between Hahira, Georgia and Valdosta, Georgia. Defendant Kincade was operating a vehicle in front of Ms. Cornelius and defendant Norman was operating a pickup truck behind the Cornelius vehicle.

About four miles north of Valdosta, defendant Kincade noticed a Georgia State Patrol roadblock and, in preparation for an identification check, she "moved over a little and . . . tried to . . ." open the glove compartment to retrieve her insurance identification card. In the process, defendant Kincade "accidently hit [the] brakes . . . ," causing her car to stop "on the side of the highway," "[n]ot too far . . ." from the roadblock. In response, Ms. Cornelius came "to a rapid stop . . ." and defendant Norman took evasive action, maneuvering his truck to the "ditch" on the side of the road. "As [defendant Norman] went around the Cornelius vehicle, [his] left rear struck her right rear fender . . . ," propelling the Cornelius vehicle into defendant Kincade's vehicle. From this and other evidence adduced at trial, the jury returned a verdict in favor of defendants. This appeal followed the denial of plaintiff's motion for new trial. *Held*:

1. Contrary to plaintiff's first contention, the evidence was sufficient to support the verdict for defendants.

" ' "In passing on the sufficiency of the evidence to support the verdict, the appellate courts are to afford the evidence that view

which is most favorable to the [prevailing party] and which is designed to uphold the verdict. All conflicts must be rendered against the [non-prevailing party], and if there is any evidence to support the verdict it must be affirmed. (Cit.)" ' *Rollins v. Great Southwest Fire Ins. Co.*, 162 Ga. App. 139, 141 (290 SE2d 353) (1982)." *Childers v. Morris*, 166 Ga. App. 229 (1) (303 SE2d 769). In the case sub judice, the jury might have concluded that Ms. Cornelius negligently failed to signal her stop and that that negligence was greater than either the negligence of defendant Kincade or the negligence of defendant Norman. See *Converse v. O'Keefe*, 148 Ga. App. 675, 676 (1) (252 SE2d 92). This conclusion is supported by defendant Norman's testimony that Ms. Cornelius came "to a rapid stop" in the roadway and plaintiff's testimony that Ms. Cornelius merely "stopped" in reaction to defendant Kincade's maneuver. In any event, the absence of Ms. Cornelius' testimony as to her reaction to the situation leaves a void link which cannot cast a presumption of negligence against either defendant Kincade or defendant Norman. See *Lamb v. Central Ga. Elec. &c. Corp.*, 136 Ga. App. 863 (1) (222 SE2d 679).

2. In her second enumeration of error, plaintiff contends the trial court erred in failing to allow her opening and concluding arguments. A review of the trial transcript shows that defendant Kincade was allowed opening and concluding arguments and plaintiff was allowed opening and concluding arguments as to defendant Norman. Plaintiff's attorney and defendants' attorneys waived opening arguments and defendant Norman argued first, followed by plaintiff and then defendant Kincade. Plaintiff objected, arguing that she was entitled to opening and concluding arguments by virtue of the fact that defendant Kincade presented evidence at trial.

(a) "In civil actions, where the burden of proof rests with the plaintiff, the plaintiff is entitled to the opening and concluding arguments except that if the defendant introduces no evidence or admits a *prima facie* case, he shall be entitled to open and conclude." Uniform Rules for the Superior Court Rule 13.4, 253 Ga. 801, 825. However, the "rule that a defendant presenting no evidence is entitled to speak last, e.g., *Sutherland v. Woodring*, 216 Ga. 621 (118 SE2d 482); *American Casualty Co. v. Seckinger*, 108 Ga. App. 262 (132 SE2d 794) yields to the right of plaintiff to close as to all defendants where some though not all defendants have presented evidence. *King v. King*, 37 Ga. 205, 216; *Doster v. State*, 25 Ga. App. 723 (104 SE 642). This is also the rule applied . . . where defendants are specifically sued as joint tortfeasors. *Co-Op Cab Co. v. Preston*, 67 Ga. App. 580, 581 (21 SE2d 251). 'The question for the court in all such cases, is, was there any evidence introduced for the defense, against the complainant's demand? If there was, then the complainant's solicitor is entitled to open and conclude the argument before the jury.' *King v. King*, supra,

p. 216." *Gilson v. Mitchell*, 131 Ga. App. 321, 332 (205 SE2d 421).

In the case sub judice, defendant Kincade's counsel examined his client after plaintiff called her for cross-examination. No further evidence was offered by defendant Kincade. Defendant Norman was not summoned by plaintiff for cross-examination. However, after the close of plaintiff's case, defendant Norman presented evidence by testifying on his own behalf.

While the examination of defendant Kincade by her attorney while on the stand after call by plaintiff for cross-examination did not constitute an offer of evidence as to justify denying her the right to opening and concluding arguments, *Hamby v. Hamby*, 103 Ga. App. 826 (3), 832 (121 SE2d 169), defendant Norman's testimony in defense of plaintiff's claim terminated defendant Kincade's right to opening and concluding arguments. *Gilson v. Mitchell*, supra. Consequently, since defendants were properly sued as joint tortfeasors, e.g., *Gilson v. Mitchell*, 131 Ga. App. 321, 330, 331, supra, plaintiff had the right to open and close the argument to the jury as to both defendants.

"Improper denial of the right to open or conclude, where injury results, will work a reversal unless the verdict was demanded by the evidence. [Cits.]" *Gilson v. Mitchell*, 131 Ga. App. 321, 332, supra. Although the evidence was sufficient to authorize the jury's verdict in the case sub judice, it did not demand a verdict for defendants. (Compare Division 1 of this opinion.) Accordingly, the judgment on the jury's verdict must be reversed. See *Jefferson v. State*, 186 Ga. App. 40 (366 SE2d 399).

(b) Next, we address defendant Norman's argument that "[t]his enumeration of error does not directly affect [him] because [plaintiff] did have closing as to [defendant Norman]." This reasoning was addressed in *Gilson v. Mitchell*, 131 Ga. App. 321, 333, supra, and this court held that "reversal runs to all defendants." For the same reasons enunciated in *Gilson*, reversal is required as to both defendants in the case sub judice.

3. Plaintiff's argument in support of her third enumeration of error consists of no more than a restatement of the enumeration of error. "That does not constitute an argument in support of the enumeration of error. *Haskins v. Jones*, 142 Ga. App. 153 (1) (235 SE2d 630) (1977). There being neither argument nor citation of authority offered in support of the enumeration of error, it is deemed abandoned. Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia." *Southern R. Co. v. Ga. Kraft Co.*, 183 Ga. App. 884, 886 (7), 887 (360 SE2d 605).

4. In her fourth, fifth and sixth enumerations of error, plaintiff challenges the trial court's failure to charge certain of her written requests.

"[I]n all civil cases, no party may complain of . . . the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." OCGA § 5-5-24 (a). Although this Code section also provides that "[o]bjection need not be made with the particularity formerly required of assignments of error and need only be as reasonably definite as the circumstances will permit," plaintiff's objection that the trial court erred in failing to charge her written requests numbered, "4, 5, 6, 7, 10, 11, 12 and 15 . . ." fails to meet the requirements of the statute.

"The mere exception to a failure to give a numbered request to charge fails to meet [the] requirement [of OCGA § 5-5-24 (a)]. *U. S. Security Warehouse, Inc. v. Tasty Sandwich Co.*, 115 Ga. App. 764 (1) (156 SE2d 392). 'To be reviewable the objection must be unmistakable in its purport in directing the attention of the trial court to the claimed error and must point out distinctly the portion of the charge challenged. The grounds of error urged must be stated with sufficient particularity to leave no doubt as to the portion of the charge challenged or as to what the specific ground of challenge is. The grounds of error urged must fully apprise the court of the error committed and the correction needed to cure the error.' *Ga. Power Co. v. Maddox*, 113 Ga. App. 642 (1) (149 SE2d 393)." *Black v. Aultman*, 120 Ga. App. 826 (1), 827 (172 SE2d 336). However, OCGA § 5-5-24 (c) provides that "[n]otwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." In the case sub judice, the refusal to give the charges requested show no such harmful error as a matter of law so as to require their consideration under subsection (c) of the statute.

5. Plaintiff's seventh enumeration of error is unclear and the argument in support thereof is seemingly unrelated to the enumeration of error. However, an examination of pertinent portions of the trial transcript reveals that plaintiff's complaint stems from the trial court's ruling, limiting her attorney's cross-examination of defendant Norman with regard to identification of a document which purportedly reflects a reproduction of a photograph of defendant Norman's pickup truck. More specifically, the trial court sustained defendant Norman's attorney's objection that "those reproductions are so poor [that] it's not even reasonable that anybody could say for certain, with any reasonable certainty and with any probative value, that those pictures represent what plaintiff's counsel obviously is trying to get somebody to tell him it represents."

" 'The question of the sufficiency of the preliminary proofs to identify photographs, or to show that it is a fair or accurate represen-

tation of the objects which it purports to portray, is a question committed to the discretion of the trial judge. (Cits.)' *Johnson v. State*, 158 Ga. 192, 198 (123 SE 120)." *Byrd v. State*, 182 Ga. App. 284, 286 (4) (355 SE2d 773). In the case sub judice, plaintiff's attorney failed to include the document which was the subject of defendant Norman's objection in the trial record. Consequently, we have nothing to review and we must assume the trial court did not abuse its discretion in sustaining defendant Norman's objection. See *Weeks v. Hosch Lumber Co.*, 133 Ga. 472 (2b), 477 (66 SE 168); *Page v. Brown*, 192 Ga. 398, 401 (6) (15 SE2d 506), and *McKee v. Hurst & Company*, 21 Ga. App. 571 (1) (94 SE 886). Compare *Athens Mfg. Co. v. Malcolm*, 134 Ga. 600 (2) (68 SE 329).

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 23, 1988.

*Jack W. Carter*, for appellant.
*James B. Thagard, Richard J. Joseph*, for appellees.