## 3490. CHATFIELD *v.* THE STATE.

In overruling the motion for a continuance, the court did not commit such an abuse of discretion as, in the light of all the facts of the case, requires a reversal.

DECIDED NOVEMBER 7, 1911.

Indictment for sale of liquor; from Crawford superior court— Judge Felton. May 11, 1911.

*Robert W. Barnes,* for plaintiff in error.

*Walter J. Grace, solicitor-general,* contra.

POWELL, J. The accused was convicted of selling liquor. The first indictment against him was quashed for a defect, and a new one immediately returned. As to each of these indictments he asked for a continuance, that he might obtain the testimony of certain witnesses as to his good character. It is inferable from the record that both indictments were returned at the same term of the court at which the accused was tried, and that subpoenas were not requested for the witnesses until after the court had convened. It does not appear when the accused was first arrested for the offense. It does not appear that he had not been previously committed by a magistrate. As to witnesses residing in the county, the accused must, in order to make his showing complete, either show that he has had them subpoenaed under the provisions of sections 943, 944, of the Penal Code of 1910, or else that there has been no commitment trial. As to the witnesses Cray and Morton, it does not appear that they resided out of the county; hence, as to them the showing was incomplete. As to the other absent witnesses, there was no showing that they had ever been served with subpoenas. It does appear that subpoenas were issued for them and left with the clerk. As it is not the duty of the clerk to serve subpoenas, the showing as to them is legally incomplete, viewed from the standpoint of a formal showing for continuance on legal grounds. The showing as a whole made a case for the exercise of a sound discretion by the judge.

A case ought to be continued, in order that a party may get material witnesses,. even if they have not been subpœnaed, if the party has not had a reasonable time in which to procure their testimony.  However, it appears in this case that the only testimony the accused desired from these witnesses was as to his general good character.  He had witnesses present who did testify as to his good character, though perhaps the testimony of the absent witnesses might have been more desirable in this respect, since they had known the accused for a longer time than had the witnesses who testified.  But the State made no attack on his general character.  So far as the record discloses, the State conceded that he bore a good reputation.  The insistence of the State was that, despite his good general reputation, he had made a number of distinct sales of liquor to different persons; and this the State proved by a number of witnesses, whose credibility is in no wise attacked.  This evidence is so 'strong that it is hardly reasonable to believe that the accused would have been acquitted if every man in the State had testified that he bore a good reputation.  In the light of this, the alleged error as to the judge's abusing his discretion in refusing a continuance is not deemed sufficient to justify a reversal.

*Judgment affirmed.*