23623. STEVENS v. THE STATE.

DECIDED MAY 18, 1934.  REHEARING DENIED JUNE 11, 1934.

*J. P. Knight, L. J. Courson, M. S. Potter, Joe Kirbo, M. E. O'Neal,* for plaintiff in error.

*H. C. Morgan, solicitor-general, I. H. Corbitt, William Story,* contra.

GUERRY, J.  The defendant was indicted at the March term, 1933, of the superior court of Berrien county, charged with the offense of burglary.  The indictment was returned March 20.  The case was continued until the adjourned term of said court, held on April 17.  Defendant has been confined in jail since a few days after the alleged commission of the crime in November, 1932.  The evidence for the State was that the defendant was seen driving around the streets of Nashville, Georgia, in a maroon-colored Chevrolet coach, about 11:30 o'clock at night, with two other men in the car; and that this car was seen to drive to the door of the storehouse burglarized, and remain there some fifteen or twenty minutes.  A witness for the State testified that he came by this storehouse while this car was standing there, and that he saw two men coming out of the storehouse, and thought that he recognized one of them as R. F. Lawson.  He identified the defendant as being the man sitting in the car, under the wheel.  He immediately ran and told the night-watchman and some other men, who also saw the car drive off.  The sheriff and the owner of the store were called and it was found that the padlock on the door had been broken and 70,000 cigarettes in cartons taken.  The witness for the State testified that he saw several pasteboard boxes in the back of the car when he passed.  Two letters addressed to the defendant, one at Bainbridge and the other at Thomasville, Georgia, were found on the ground at the place that night.  The car was identified as being the car belonging to the defendant, and he admitted having been in Nashville that night.  His home was in Thomasville.

At the call of the case a motion for a continuance was made, based on the absence of five witnesses, to wit, R. F. Lawson, G. C. Spurlin, Mrs. George Sampson, Dr. James Butler, and Freeman

Butler. Three of these were character witnesses. A motion for continuance of a criminal case after the first term rests in the sound discretion of the court, and even at the first term all discretion is not denied the trial court. The absent character witnesses lived in Thomas and Lowndes counties, one of them being the solicitor-general of the Southern circuit. Another character witness, Sheriff Davis of Thomas county, was present. In the case of *Taylor* v. *State,* 135 *Ga.* 622 (70 S. E. 237), it was held that there was no abuse of discretion of the trial court in overruling a motion for continuance based on the absence of witnesses to prove the good character of the accused, where it was shown that there was at least one other witness present at the trial by whom the defendant could establish character. See, also, *Salmons* v. *State,* 118 *Ga.* 763 (45 S. E. 611); *Anderson* v. *State,* 72 *Ga.* 98; *Chalfield* v. *State,* 10 *Ga. App.* 40 (72 S. E. 513). As to the testimony of Mrs. Sampson, it was shown to have been merely cumulative of the testimony of other witnesses present by whom the same facts might be shown, and under the rulings of the courts of this State the refusal of a continuance on this ground was not error. *Fogarly* v. *State,* 80 *Ga.* 450 (5 S. E. 782); *Huffman* v. *State,* 95 *Ga.* 469 (20 S. E. 216); *Turner* v. *State,* 70 *Ga.* 765; *Allen* v. *State,* 10 *Ga.* 85; *Hill* v. *State,* 91 *Ga.* 153 (16 S. E. 976). The other absent witness, R. F. Lawson, was not shown to have been served with a subpoena, but, on the contrary, it was shown that by a diligent search by a police officer and the sheriff of the county in which he had been living, he could not be served, and that he was in Jacksonville, Florida. One of the witnesses for the State swore that he came by the scene of the burglary and he saw a man standing by the car, in which he says he saw the defendant, whom he "took to be" R. F. Lawson, and in his opinion was R. F. Lawson, because of resemblance. The defendant contended that he desired to show by Lawson that he, Lawson, was not present in Nashville at the time of the alleged burglary, and that he, Lawson, knew that the prosecutor, M. E. Perry, did not have more than ten thousand cigarettes on hand on Saturday preceding the alleged crime on Sunday. There was no abuse of the discretion vested in the court, in overruling the motion for continuance, under the showing made.

■ The court did not err in refusing to allow witnesses for the State to be interrogated in reference to the size of the stock of

goods in the storehouse alleged to have been burglarized, and in reference to another burglary thereof which was alleged to have occurred while the defendant was in jail. The right of cross-examination is not abridged by confining it to matters in some way germane to the issue being submitted; and where it is not attempted to be shown that facts sought to be developed are remotely connected with the case, there is no error in excluding them because of their immateriality.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*