41924. GEORGIA POWER COMPANY v. MADDOX et al.

Argued April 4, 1966—Decided May 9, 1966.

*Russell & McWhorter, T. Penn McWhorter,* for appellant.
*James W. Paris, G. Wesley Channell,* for appellees.

BELL, Presiding Judge. ■ The second, fourth and fifth enumerations of error raise the question whether the statements made by appellant in the trial court and directed to the judge's charge were "as reasonably definite as the circumstances will permit" and sufficient to preserve for review the grounds of error enumerated. Thus, these grounds present questions requiring an application of Section 17 (a) of the Appellate Practice Act of 1965. Ga. L. 1965, pp. 18, 31 *(Code Ann.* § 70-207).

This section reads as follows: "Except as otherwise provided in this section, in civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating dis-

tinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury, and objections need not be made with the particularity of assignments of error (abolished by this Act) and need only be as reasonably definite as the circumstances will permit."

This section of the Act is based upon sound common sense. See division (a) of Judge Eberhardt's dissent in *Dowis v. McCurdy*, 109 Ga. App. 488 at pp. 496-500 (136 SE2d 389), in which all the Judges of this court concurred. See also Leverett, Appellate Procedure Act of 1965, 1 Ga. State B. J. 451, 484, which states: "If an error in the charge is made of such a substantial nature as likely to mislead the jury, opposing counsel either will immediately recognize it, or else he has no business handling the case. To assume that the jury is misled by some error so insignificant that counsel does not discern it until two or three months later when the judge's charge is being subjected to a microscopic examination, taxes the credulity. . ."

Section 17 (a) is similar to Rule 51, F.R.C.P., 28 U.S.C., which provides in part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds of his objection." In view of the similarity between Rule 51 of the Federal rules and Section 17 (a) of the Georgia Act, Federal cases applying Rule 51 have persuasive influence in our consideration. *McCallum v. Twiggs County Bank*, 172 Ga. 591 (1) (158 SE 302).

Even prior to its enactment into statutory form, Rule 51 was in substance the rule which prevailed in the Federal courts. Mill Owners Mut. Fire Ins. Co. v. Kelly, 141 F2d 763, 765.

"Rule 51 of the Federal Rules of Civil Procedure does not require strict formality in the manner or mode in which the party objects to an alleged error in a charge. But it does require that the party make his position clear so that he informs the trial judge of possible error." Sowizral v. Hughes, 333 F2d 829, 836. The objection "need not include detail of supporting argument in order to fully apprise the court of the grounds of the objection" (Darter v. Greiner, 301 F2d 772, 775), but counsel's criti-

cism of the charge must be presented in an "understandable" way. Krug v. Mutual Ben. Health &c. Assn., 120 F2d 296, 301. "It is not important in what form an objection is made . . . as long as it is clear that the trial judge understood the party's position; the purpose of the rule is to inform the trial judge of possible errors so that he may have an opportunity to correct them." 5 Moore's Federal Practice, p. 2505, § 51.04.

While a general objection attacking as erroneous a portion of a charge wholly incorrect as an abstract proposition of law may be sufficient (see United States v. Aster, 275 F2d 280, 281), an objection made to a charge that it is "not the true law" is ordinarily insufficient to preserve the objection for review, at least where a part of the charge is correct. Apperwhite v. Illinois Central R. Co., 239 F2d 306, 310.

"The general rule is that alleged error in instructing a jury, either in the giving of erroneous instructions or refusing to give requested instructions, will not be reviewed in the absence of specific exceptions pointing out wherein the instructions given are erroneous." Hall v. Aetna Life Ins. Co., 85 F2d 447, 450. "Parties may not rest content with the procedure of a trial, saving general exceptions to be made the basis of error proceedings, when they might have had all they were entitled to by the action of the trial court had its attention been seasonably called to the matter." Pennsylvania R. Co. v. Minds, 250 U.S. 368, 375 (39 SC 531, 63 LE 1039). "In fairness to the trial court and to the parties, objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error. Where a party might have obtained the correct charge by specifically calling the attention of the trial court to the error and where part of the charge was correct, he may not through a general exception obtain a new trial." Palmer v. Hoffman, 318 U.S. 109, 119 (63 SC 477, 87 LE 645, 144 ALR 719).

"The failure to particularize grounds of objection below so as to give the trial court an opportunity of correcting the instruction if erroneous and to advise opposing counsel, precludes review on appeal." Jack v. Craighead Rice Milling Co., 167 F2d 96, 97; Holliday v. Great A. & P. Tea Co., 256 F2d 297, 301. A general objection that a portion of the charge was *misleading*

or *confusing* presents nothing for review. Hansen v. St. Joseph Fuel Oil &c. 181 F2d 880, 886. A mere "suggestion" that the charge was defective in some way does not constitute an "objection" to the charge as required by Rule 51. Turner Construction Co. v. Houlihan, 240 F2d 435, 439.

From these authorities cited and numerous others considered, we conclude that for an objection to a trial judge's charge to be reviewable in the appellate courts of this State it must amount to more than a mere supposition, conjecture or surmise of error. It must be more than a diffident suggestion that the trial court might have committed error in some respect. A general objection that a portion of the charge was *misleading* or *confusing* is insufficient to entitle the objection to review. To be reviewable the objection must be unmistakable in its purport in directing the attention of the trial court to the claimed error and must be stated with sufficient particularity to leave no doubt as to the portion of the charge challenged or as to what the specific ground of challenge is. The grounds of error urged must fully apprise the court of the error committed and the correction needed to cure the error. We construe the statute as placing the duty on counsel of exercising a high degree of clarity in objecting to charges. As Judge Eberhardt exclaimed in *McCurdy*, "If no error is observed in the charge by trained and astute counsel is it likely that the untrained lay juror will be influenced by it?" In keeping with that spirit, now statutory, we conclude that if the error is harmful enough to be observed by counsel, the shock it engenders should be readily capable of clear expression.

■ Considering the objections to the charge upon which rest appellant's second, fourth and fifth enumerations of error, we conclude that none of these grounds of error is reviewable as none of the objections was sufficient to meet the requirements of Section 17 (a). At most, these so-called "objections" amount to no more than vague and diffident suggestions that the trial court might have committed error in some respect which is not particularly pointed out. In addition, the objections upon which the second and fourth enumerations of error are based are mere general objections. The objection upon which the fifth enu-

meration of error is based failed to identify any portion of the charge which confused the jury by leading them to believe fair market value of the easement and fair market value of the land were synonymous. For objections comparable to those in the instant case, see those in Franklin v. Shelton, 250 F2d 92, 98.

■ The first enumeration of error complains of a portion of the trial court's charge to the jury to which condemnor failed to make any objection at all as required by Section 17 (a) of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31; *Code Ann.* § 70-207 (a)). This ground has no merit. *Nathan v. Duncan,* 113 Ga. App. 630.

■ The third enumeration of error complains of the admission of certain documentary evidence over condemnor's objection. This evidence consisted of maps showing the type and condition of the soil on condemnees' property and indicating recommended usages of the land for particular pasture grasses and timber in a planned soil conservation program. These maps were introduced on the basis of testimony of a witness employed by the United States Conservation Service, who testified that the maps were based upon the results of soil tests made by another person. Thus, the maps clearly were hearsay evidence, and it was error to admit them. However, there was other uncontradicted evidence that condemnees' land was suitable for agricultural purposes, and the maps tended to establish no more than this fact. This error was harmless.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*