## 42505. UNITED STATES SECURITY WAREHOUSE, INC. v. TASTY SANDWICH COMPANY.

PANNELL, Judge. 1. Under Sec. 17 of the Appellate Practice Act of 1965 as amended (*Code Ann.* § 70-207), it is necessary that an appellant make proper objection to a charge as given or to a request refused and state the grounds therefor, before the jury returns its verdict. This rule is practically identical with Federal Rule 51 of the Federal Rules of Civil Procedure in this respect, so we look to the Federal cases for the purpose of determining the sufficiency of the objections made in the present case. The court failed to give certain numbered re-

quests to charge of the defendant and the exceptions to this failure were in the following language: "Our Request Number 3 was generally on the basis that the jury could not return a verdict for the plaintiff if the jury found that the electric lines were not energized. That was not given, and we except to that. . . We would like to except to the failure to give Charge Number 4. We except to the failure to give Charge Number 7. We except to the failure to give Charge Number 8. We except to the failure to give Charge Number 10. We except to the failure to give Charge Number 11. We except to the failure to give Charge Number 12. We except to the failure to give Charge Number 12 (a). We except to the failure to give Charge Number 13. We except to the failure to give Charge Number 14. We except to the failure to give Charge Number 16. We except to the failure to give Charge Number 17. We except to the failure to give Charge Number 18."

While the objections as made specified the particular charge and this might in some instances satisfy the requirement that the objection must state distinctly the matter to which one objects, the grounds of objection are nowhere stated.

Where a general exception was made to the failure to give certain requests to charge "in so far as they are in conflict with what" the court charged the jury, the Circuit Court of Appeals of the Eighth Circuit ruled "[t]he Federal courts have always held that an objection in the language quoted presents nothing for an appellate court to review, because it does not indicate specifically wherein the charge given by the court failed to include the law as requested or to point out precisely the alleged conflict between the requests refused and the charge given. Beaver v. Taylor, 93 U. S. 46, 55, 23 L.Ed. 797; American Sugar Refining Company v. Nassif, 1 Cir., 45 F.2d 321, 326; Detroit Edison Co. v. Stricker et al., supra; Hall v. Aetna Life Ins. Co., supra; O'Connor v. Ludlam, 2 Cir., 92 F.2d 50, 54. Rule 51 of the Federal Rules of Civil Procedure, which provides that 'No party may assign as error the giving or the failure to give an instruction unless he objects thereto . . . stating distinctly the matter to which he objects and the grounds of his objection,' is but a statement of what Federal courts have said prior to the adoption of the rules. The reason for the rule is that fairness to the trial court and to the parties to an action requires that 'objections to a charge must

be sufficiently specific to bring into focus the precise nature of the alleged error.' Palmer v. Hoffman, 318 U. S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645, 144 A.L.R. 719; Hall v. Aetna Life Ins. Co., supra; Krug v. Mutual Benefit Health & Accident Ass'n, 8 Cir., 120 F.2d 296, 301. The objection relied on by appellant in this case failed to direct the attention of the trial court specifically to the alleged points of conflict between the court's charge and the law as stated in appellant's requests. Neither this court nor the trial court is under the duty of assuming the burden of comparison and analysis of the charge given and the instructions requested which appellant attempts to place upon them." Hansen v. St. Joseph Fuel Oil &c. Co., 181 F.2d 880, 886.

In the case of Westchester Fire Ins. Co. v. Hanley, 284 F.2d 409, 418 (6 Cir.), the court held that an objection similar to that in the present case was sufficient to save for review the trial court's refusal to give a request to charge. This decision is in conflict with the very language of the Federal rules and the statute in Georgia. The statute specifically says that the *grounds* of objection must be given. No grounds of objection were given in the present case. Our ruling here is in accordance with previous rulings of this court. See *Georgia Power Co. v. Maddox*, 113 Ga. App. 642 (149 SE2d 393).

It follows that the exceptions to the refusals to charge the requests of the defendant as set forth in enumerated errors Nos. 4 through 9, in the absence of sufficiently stated grounds of exceptions, will not be considered on appeal to this court.

2. The following portion of the charge of the court, particularly that underscored, was objected to and error enumerated thereon. "I charge you that while the burden of proof is upon the plaintiff to prove its right to recover by a preponderance of the evidence, nevertheless in all cases of bailment after proof of loss, *the burden of proof is on the bailee to show proper diligence.*

"Now, when the plaintiff proves the delivery of goods to the defendant in good condition and proves a loss of or damage to the same while in the defendant bailee's possession, then *the burden is on the defendant bailee to show that the loss was not occasioned by its negligence.* Whether or not the defendant has carried this burden is a matter for you, the jury, to determine.

"If you find from a preponderance of the evidence in this case

that the plaintiff delivered the property to the defendant in good condition and that the property was damaged in the defendant's possession, and that the defendant has failed to carry the burden of showing proper diligence in the protection of the property and that the loss was proximately caused by one or more of the particulars of negligence alleged in the plaintiff's petition, then you would return a verdict for the plaintiff.

"On the other hand, if you find from a preponderance of the evidence in the case that the defendant under such circumstances has carried the burden of showing that it used ordinary care with regard to the particulars of negligence charged against it in the plaintiff's petition, and you further find that such showing, if any, was not rebutted to your satisfaction by the plaintiff, then you would find for the defendant.

"Although Code Section 12-104 of the Code of Georgia, which I have already referred to or read, in effect provides that 'In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence,' I charge you that the term 'burden of proof,' as used therein, refers to a shifting of the burden of introducing evidence and not to a shifting of the ultimate burden of proof. The ultimate burden of proof remains upon the plaintiff throughout the trial of the case."

The objections urged may be substantially stated as follows: "that there is not any burden of proof upon the defendant under all of the circumstances in which this case was examined," and that the court's charge of the sufficiency of the burden of proof in explanation of *Code* § 12-104, while a correct statement of law "is not a matter of law for consideration of the jury, but it is a matter of law for consideration by the court, and that it is the responsibility of the court to determine who has the burden of introducing evidence, whereas it is the responsibility on the other hand of the jury to determine who has carried the burden of proof; these being two entirely separate propositions. Insofar as the court charged on the shifting of the burden of introduction of evidence, we take the position that this is error and ask the court to reconsider that charge and to instruct the jury that this is not the law." The charges excepted to together with other instructions to the jury sufficiently instructed the jury that the primary and ultimate burden of proof was upon the plaintiff. The court also properly instructed the jury by charging *Code*

§ 12-104. It would have been error for the court to have failed to charge this Code section. *Walker Electrical Co. v. Sullivan,* 79 Ga. App. 13 (52 SE2d 477). The additional charge that the words "burden of proof" as used in that Code section meant the shifting of the burden of going forward with the evidence, even if error, was not harmful to the defendant, but helpful. See in this connection *Richter Bros. v. Atlantic Co.,* 59 Ga. App. 137 (1) (200 SE 462). Nothing to the contrary was ruled in *Deloach v. Automatic Transmission &c. Shop,* 106 Ga. App. 797 (128 SE2d 512). Enumerated errors Nos. 1, 2 and 3 are without merit.

3. The present case is an action in tort by a bailor against a bailee seeking to recover for damage to meat by burning, and the petition alleges that the meat was stored in defendant's warehouse on wooden pallets about 5:30 in the afternoon and was stored over some electrical heaters which were in the floor for the purpose of preventing the floor from freezing in the minus 5° maintained in the storage room, that wires formerly imbedded in the floor leading to one of the heaters were loose with the insulation worn off, and that when one of the pallets of meat was placed or shoved onto this spot there was a sizzling sound as if two electrical wires with the current on had been placed in contact, all of which was seen and heard by an employee of the defendant, that the defendant had no night watchman to make periodic checks of the storage areas and that a periodic inspection by a night watchman would have detected the smoke and odor of the slow-burning fire at an early stage and prevented the damage sustained by plaintiff. In view of these allegations in the petition this court cannot say that an allegation that the defendant was negligent in failing "to inspect the premises to ascertain and remove causes of fire and smoke and thereby avoid the resulting damage to the stored goods in said warehouse," was either a conclusion of the pleader or was not negligence as a matter of law. Under the facts alleged, it would be for the jury to determine, upon proper proof, whether the failure to inspect and remove causes of fire and smoke was an act of negligence.

4. The evidence was amply sufficient to authorize a verdict and there was no error in entering a judgment based thereon.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*

ARGUED JANUARY 6, 1967—DECIDED MAY 4, 1967—
REHEARING DENIED MAY 23, 1967.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr., Donald A. Weissman, Foley, Chappell, Young, Hollis & Schloth, Howell Hollis,* for appellant.

*Kelly, Champion & Henson, John W. Denny, J. Norman Pease, S. E. Kelly,* for appellee.