### 44400. BLACK v. AULTMAN et al.

PANNELL, Judge. Helen Jennings Black brought an action against D. Wilder Aultman and Herbert S. Brown seeking recovery of damages for the death of her child resulting from the child's being struck by an automobile owned by D. Wilder Aultman and driven by Herbert S. Brown on the occasion in question. All of the allegations of negligence related to the negligence of Herbert S. Brown, the driver. Herbert S. Brown was a sales manager for the business operated by D. Wilder Aultman known as Aultman Motor Company. The jury returned a verdict for both defendants. The plaintiff's motion for judgment notwithstanding the verdict as to the liability of Herbert S. Brown and plaintiff's motion for new trial were overruled and plaintiff appealed. *Held:*

1. Under Section 17 of the Appellate Practice Act of 1965 as amended by Section 9 of the Act of 1968 (Ga. L. 1965, pp. 18, 31; Ga. L. 1968, pp. 1072, 1078; *Code Ann.* § 70-207) it is necessary that an appellant make proper objection to a charge as given or to a request refused and state the grounds therefor before the jury returns its verdict. The mere exception to a failure to give a numbered request to charge fails to meet this requirement. *U. S. Security Warehouse, Inc. v. Tasty Sandwich Co.,* 115 Ga. App. 764 (1) (156 SE2d 392). "To be reviewable the objection must be unmistakable in its

purport in directing the attention of the trial court to the claimed error and must point out distinctly the portion of the charge challenged. The grounds of error urged must be stated with sufficient particularity to leave no doubt as to the portion of the charge challenged or as to what the specific ground of challenge is. The grounds of error urged must fully apprise the court of the error committed and the correction needed to cure the error." *Ga. Power Co. v. Maddox*, 113 Ga. App. 642 (1) (149 SE2d 393). Exceptions that a charge or charges "are not applicable in a case such as this and to so charge is highly prejudicial to the plaintiff" and exception to refusal to charge requests and to the giving of certain charges on the grounds that such action "was prejudicial to the right of the plaintiff" fail to meet the requirements of the statute. It follows that exceptions to the charges and the refusals to charge the requests of the plaintiff complained of in enumerations of errors numbers 6, 7, 9, 10, 11, 12, 13, 16, 17, 18, 19 and 20 will not be considered on appeal. Nor do the charges given or the refusal to give the charges requested, when considered in connection with the remainder of the charges given, show such harmful error as a matter of law so as to require their consideration under Paragraph (c) of Section 17 of the Appellate Practice Act.

2. There was no error in denying the request to charge the extended discussion of the purpose for the passage of Georgia's wrongful death statute and the theory on which it was based contained in *Savannah Electric Co. v. Bell*, 124 Ga. 663, 668 (53 SE 109). The discussion therein contained was not appropriate for a charge to a jury. Enumeration of error number 5 is, therefore, without merit.

3. The evidence was sufficient to authorize the charge to the jury on the degree of care to be exercised by the defendant driver if the jury found he was confronted with a sudden emergency not of his own making. Enumeration of error number 8 is therefore without merit.

4. Enumerations of errors numbers 21 and 22 are as follows: "The trial court erred in charging the jury that in order for the plaintiff to recover, 'it must appear from a consideration of the evidence . . . that this defendant's agent or servant failed to exercise ordinary care and diligence . . . ' " and "the trial court erred in charging the jury that the plaintiff would not be entitled to receive compensation for dam-

ages unless it appeared from the evidence that the defendant or his agent was acting within the scope of his authority at the time in question." Both the enumerations of error and the brief refer to pages 297 and 299 of the transcript for the charge referred to. The charges on these pages are as follows: "She is not entitled to have and receive a verdict at your hand unless it appears that she has been damaged in the manner contended by her in this suit and before the plaintiff would be entitled to have and receive compensation for these damages, it must appear from a consideration of the evidence on the trial of the case that this defendant's agent or servant failed to exercise ordinary care and diligence and by such failure to exercise such care and ordinary diligence, the plaintiff was damaged." P. 297. "In no event would the plaintiff be entitled to have and receive compensation for damages unless it appears from a consideration of the evidence on trial of the case that this defendant or his agent was acting within his [sic] scope of his authority for the defendant at the time and place in question failed to exercise ordinary care and diligence and that as a proximate result of such failure to exercise ordinary care and diligence the plaintiff was damaged." The only exception to a charge related to this matter is as follows: "Plaintiff objects to the charge of the court on the question of agency and liability under the doctrine of agency on the ground that the charge as given, quoting a portion thereof: 'That he was 'not at the time the agent of Mr. Aultman or on the business of Mr. Aultman, you must find in favor of the defendant Aultman.' The plaintiff excepts to this portion of the charge *in that the charge fails to include the legal rule which is in the furtherance of the employer's business* and argumentative exclusion of the rule of law which should appropriately be charged in order not to prejudice the plaintiff." P. 299. It is apparent that the only exception made to this charge was that it should have contained language so that the master would be bound where the agent was acting within the scope of his authority or "in the furtherance of the employer's business." The brief contends that these charges are error for other reasons. Under the requirements of Section 17 of the Appellate Practice Act, the exceptions argued in this court must be the exceptions made to the charge upon the trial of the case. Additional exceptions cannot be considered. And the

exception to the charge actually made not being argued or insisted upon in the brief will be considered as abandoned.

5. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." See Section 15 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 627; *Code Ann.* § 81A-115). It follows, therefore, that the trial court did not abuse its discretion in allowing an amendment by the defendant offered after the close of the evidence for the purpose of conforming the pleadings to certain testimony obtained principally from witnesses for the plaintiff, the amendment alleging: "The death of the plaintiff child was the result of the negligence of Claudette Jennings, who was at that time and place [of the injury of said child] the agent of the plaintiff for the care and custody of said child." Enumeration of error number 14 complaining of the allowance of said amendment is without merit.

6. The charge on damages, and the refusal to charge a request on damages (enumerations of error numbers 27 and 28) "even if erroneous, affected only the amount of damages and would not authorize the finding of no damages, and the jury having found a verdict for the defendant[s], such error is harmless and does not require a reversal." *Baldwin Proc. Co. v. Ga. Power Co.,* 112 Ga. App. 92 (7) (143 SE2d 761).

7. Enumeration of error number 15 complains of the refusal of the trial judge to give plaintiff's request to charge number 20 which reads as follows: *"Gentlemen of the Jury, I charge you that as a matter of law the deceased child, was too young, immature and inexperienced to possess sufficient judgment, prudence and discretion to be chargeable with the failure to exercise due care for his own safety or with any contributory negligence. Therefore, in determining whether or not Defendant Brown was negligent and whether that negligence, if any, was a proximate cause of the collision that produced the child's death, you are not to consider whether or not the child used any care for his own safety, since under the law of Georgia, he was not chargeable with the duty of exercising*

*any care for his own safety.* Now, even if you find that the deceased child acted contrary to all principles of self-preservation or for care of his own safety, if you further find that Defendant Brown, by exercise of ordinary care, could have observed the child and could have anticipated the course of action he took, and you find by the exercise of ordinary care he could have avoided the collision with the child, then I charge you that you would be authorized to find that Defendant Brown was negligent." Objection was made to the refusal to give the request to charge on the grounds "that no charge whatsoever was made concerning the absence of contributory negligence as a defense and absence of contributory negligence on the part of the child as a defense *in that no charge was made to instruct the jury that the child involved was legally presumed to be incapable* of contributory negligence." (Emphasis supplied.) After the jury entered into the deliberation of the case, they were recalled to the courtroom and the trial judge charged them that portion of the request italicized above, but did not charge the remainder of the request. After the giving of the charge, the plaintiff then objected as follows: "The plaintiff objects to the giving of this charge at any time other than when the main body of law was given to the jury in charge by the court for the reason that the jury had been in its deliberations for at least 20 or 25 minutes prior to receiving the benefit of the law concerning contributory negligence and it would be an injustice to the plaintiff for this reason." No cause for reversal is shown under these circumstances. See *Patterson v. State,* 122 Ga. 587 (1) (50 SE 489); *Carr v. John J. Woodside Storage Co., Inc.,* 103 Ga. App. 858, 861 (120 SE2d 907).

8. Enumeration of error number 23 complains that the action of the trial judge, hereinafter set forth, denied him the right of thorough and sifting cross examination of the defendant driver. "The right of cross examination is not abridged by confining it to matters in some way germane to the issue being submitted; and where it is not attempted to be shown that facts sought to be developed are remotely connected with the case, there is no error in excluding them because of their immateriality." *Stevens v. State,* 49 Ga. App. 248, 251 (174 SE 718). The driver defendant was the sales manager for the other defendant and the child in the present case was injured while the driver defendant was on his way home

with a car belonging to the other defendant which had been on the sales "line." The following occurred during the driver defendant's cross examination by the plaintiff: "Q. Have you carried any cars home and showed them to the folks on the way home? A. Yes, I have. Q. Have you let anybody down on the car lot—met anybody down at the lot on Sunday? [Defendant's attorney]: Your Honor, the question of agency involved in the controversy is the use of the car at that time and at that place and the fact if somebody may have called him up and he would have sold a car is immaterial. He had no appointment and he testified that he had no appointment for selling the car. He was just going home and the fact that he may have once had a car that he took home and that he may have once had an appointment going home, that is not relevant to the issue of the trial in this case as to the time and the place and the agency that existed or did not exist at that time." The court sustained the objection and counsel for the plaintiff did not offer to disclose to the court the relevancy of the testimony sought to be elicited by the question, nor did he make any contentions that the testimony sought to be elicited was relevant or that he was making such inquiry into the practices of the driver defendant for the purpose of cross examination as to matters already testified about. Even where a party is under cross examination, the court may exercise a sound discretion in requiring counsel to make the relevancy of his questions apparent. *City Bank of Macon v. Kent,* 57 Ga. 283 (16). Plaintiff in her brief in this court makes no contention that the testimony ruled out was material or relevant to the issues in the case or that it might have had a tendency to impeach the witness. The sole argument, except for the reference to the transcript quoted above, is as follows: "Code Ann. Section 38-1705 provides: 'The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him. If several parties to the same case shall have distinct interest, each may exercise this right.' As can be seen in the case of Richter v. Atlantic Co., 65 Ga. App. 605, 611, the denial or abridgment of plaintiff's right to a thorough and sifting cross examination of defendant Brown is a material error as a matter of law and requires a grant of a new trial." Furthermore, the only possible object in the cross examination was for the purpose of attempting to show

that on the occasion in question, by comparing it with other occasions, the driver defendant may have been acting within the scope of his employment or authority at the time the plaintiff's child was injured. Since the only negligence alleged was the negligence of the defendant driver, and since the jury has, by its verdict, determined that the defendant driver was not negligent, it becomes immaterial whether or not he was acting within the scope of his employment and the error, if any, was harmless.

9. The trial judge charged the jury as follows: "In the course of my charge, I have or will mention to you statutory provisions in Georgia relative to sounding a horn when necessary. By charging these provisions relative to sounding a horn, I do not mean to express an opinion that in this case the law required Mr. Brown to sound his horn. *Under the law that is a jury question, so it is for you to say whether or not Mr. Brown should, in the exercise of ordinary care under the circumstances in this case, have sounded his horn.*" (Emphasis supplied.) The charge is not subject to the criticism that it was error "because the court did not state that he did not mean to express an opinion that Mr. Brown should not have blown his horn, that the law did not require Mr. Brown to sound his horn." Enumeration of error number 24 is, therefore, without merit.

10. The trial judge charged the jury as follows: "In the case now being considered by you, the evidence shows that there were no appropriate signs giving notice of any reduced speed at the time of the collision with which we are concerned. I, therefore, charge you that unless you find that special hazards requiring a lower speed did exist, the maximum speed in the area in which this defendant contacted the plaintiff's son would be 50 miles per hour at the time of such contact." This charge is not subject to the criticism "that it fails to consider Code Section 68-1626 (C) and Code Section 68-1626 (A) which requires the automobile driver to exercise due care and to drive at an appropriate speed when other situations exist and that this charge was prejudicial in that it indicated to the jury that the speed limit was 50 miles an hour rather than a reasonable speed giving regard to the conditions and circumstances." The law of this State, which is apparently referred to in the sections of the Georgia Code Annotated mentioned in the above objection, was charged

to the jury prior to giving the charge complained about. It follows, therefore, that enumeration of error number 26 is without merit.

11. A police officer had testified that at the location in question there were no posted speed limit signs. There was no testimony or evidence to the contrary. There was other uncontradicted evidence that the location in question was outside the city limits. The witness was asked what the speed limit was at the location in question. The plaintiff objected on the ground that the statute itself would be the highest and best evidence as to the speed limit in the locality. The objection was overruled and the witness testified that the speed limit in the locality was 50 miles per hour. There was no dispute that at the time in question it was night, so that the general nighttime speed limit of 50 miles per hour applied, in the absence of factual situations which might call for application of exceptions requiring a slower speed under the particular circumstances. Article V, Section 48 of the Georgia "Uniform Act Regulating Traffic on Highways" as last amended by the Act of 1965, page 322 (*Code Ann.* § 68-1626). Paragraphs (a) and (c) of this section were given in charge to the jury and other provisions relating to reduction of speed and exercising precaution when observing or approaching a child near or upon a highway. It is plain from the testimony of the officer that he was testifying as to the general nighttime speed and was not testifying in reference to the exceptions that might be applied; and in view of the charge of the trial court, we can not say that the plaintiff was harmed by the testimony of the officer, which in its intent, was in conformity with the statute as to what was basically the maximum speed limit in the locality. In our opinion, enumeration of error number 25 is without merit.

12. The evidence was sufficient to authorize a verdict in favor of the defendants and the trial court did not err in entering the judgment on the verdict and in overruling the plaintiff's motion for new trial and in overruling the plaintiff's motion for judgment notwithstanding the verdict.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt, Deen, Quillian and Whitman, JJ., concur. Evans, J., dissents.*

ARGUED APRIL 7, 1969—DECIDED DECEMBER 5, 1969—
REHEARING DENIED DECEMBER 17, 1969—

*Malone, Drake & Malone, Thomas Wm. Malone,* for appellant.

*Watson, Keenan, Spence & Lowe, Stuart Watson,* for appellees.

EVANS, Judge, dissenting. I would vote to reverse the trial court on the charge to the jury as set forth in enumerations of error 21 and 22 which are dealt with in Headnote 4 of the majority opinion herein.

This lawsuit proceeded against two defendants, the owner and the driver of the automobile alleged to have caused the injuries. The plaintiff was entitled to a recovery against the driver alone if the evidence showed said defendant-driver committed negligence which was the proximate cause of the injuries; and the jury could have exonerated the owner-defendant through a finding of lack of agency as to the driver.

But the trial court charged the jury in such fashion as to impress the jury that no recovery could be had against the driver of the vehicle unless a recovery was also warranted against the owner of the vehicle by proof of agency. This charge is recited in Headnote 4 of the majority opinion.

The appellee makes the contention in his brief that this instruction to the jury by the trial court was harmless in that the trial court qualified same by the preface "in this respect," meaning, in respect to that part of the charge on the question of agency and on the question of finding both the owner-defendant and driver-defendant liable. But, no such qualification appears in the charge as reported in the record at page 297, for there the trial court charged as follows:

"The plaintiff contends that she is entitled to have and receive at your hands a verdict compensating her for the value of the life of her son. The defendant replies to that contention and said that the defendants were not negligent in any way or in any manner as set out in her writ and that they are not responsible or liable for any damages she claims to have sustained and says that she is not entitled to have and receive a verdict at your hand.

"She is not entitled to have and receive a verdict at your hand unless it appears that she has been damaged in the manner contended by her in this suit and before the plaintiff would be entitled to have and receive compensation for these damages, it must appear from a consideration of the evidence on the trial of the case that this defendant's agent or servant failed to exercise ordinary care and diligence and by such failure to exercise such care and ordinary diligence, the plaintiff was damaged."

The above portion of the charge was error in that the driver could have been found liable irrespective of whether or not he was "defendant's agent or servant" and no doubt this compounded the impact received by the jury when added to the other language in the charge.

But the majority opinion asserts that appellant did not comply with the requirements of *Code Ann.* § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078) in respect to objecting to the charges given before the jury returned its verdict. Appellant did make the following objection: "Plaintiff objects to the charge of the court on the question of agency and liability under the doctrine of agency on the ground that the charge as given, quoting a portion thereof: 'That he was not at the time the agent of Mr. Aultman or on the business of Mr. Aultman, you must find in favor of the defendant Aultman.' The plaintiff excepts to this portion of the charge in that the charge fails to include the legal rule which is in the furtherance of the employer's business and *argumentative exclusion of the rule of law which should appropriately be charged in order not to prejudice the plaintiff."* (Emphasis supplied.) Conceding that this objection was in rather general terms, still I feel that it sufficiently complied with the statutory requirements. Quoting *Code Ann.* § 70-207, supra, in part: "Opportunity shall be given to make objection out of the hearing of the jury and objection *need not be made with the particularity of assignments of error* (abolished by this law) *and need only be as reasonably definite as the circumstances will permit."* (Emphasis supplied.)

The writer is familiar with the many authorities of this court construing this language, and it appears that a very high degree of specificity is required by such decisions. With those

decisions I am in disagreement, including *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393); *U. S. Security Warehouse, Inc. v. Tasty Sandwich Co.,* 115 Ga. App. 764 (1) (156 SE2d 392).

I am in complete disagreement with the holding by this court that "If no error is observed in the charge by trained and astute counsel it is likely that the untrained juror will not be influenced by such charge." See *Dowis v. McCurdy,* 109 Ga. App. 488 (136 SE2d 389). Surely, it must be recognized that an attorney who tries a case in court has a multitude of duties to perform, and is at no time relaxed and objective in his consideration of the various matters that claim his attention. Witnesses wish to be allowed to remain at home; witnesses wish to be taken out of turn; witnesses claim they know nothing about the case or anything that would be helpful; opposing counsel brings forth new and novel matters during the trial; rulings are made which completely surprise counsel and require his utmost skill to prevent a dismissal of the case prior to reaching the stage when the jury will decide it. Then, the case reaches its climax when counsel, with the closing argument sums up and tries to marshal all of his strongest points, while at the same time making reply to the strong points advanced by opposing counsel. When he finishes and sits down and the court begins charging the jury, oftentimes the court has finished half of his charge before such counsel grasps the meaning of any sentence the court is giving in charge to the jury. What position then is he in to make objection to the charge of the court? What construction should be placed on that language in the statute which says he need "only be as reasonably definite as the circumstances will permit"?

As to whether or not the jury would be impressed by an erroneous charge of the court when trained counsel might not be impressed, let it be remembered that the jury has had no responsibility whatever for the trial of the case except to listen to the evidence and to the rulings made by the court. When they finally come to that place where the judge charges the jury they are relaxed and alert and are listening to the one high authority, one in whom they have supreme confidence, who is impartial and who is learned in the law and who will instruct them

in the rules by which they are to make their decision. It is quite likely that they are much more impressed with every word he says than are "trained counsel" and especially trained counsel who has just made a concluding argument and is completely exhausted, mentally and physically.

But, this statute (*Code Ann.* § 70-207, supra) makes provisions for such circumstances in paragraph (c) thereof as follows: "Notwithstanding any other provision of this section, the appellate courts shall consider and review erroneous charges where there has been a *substantial error* in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." (Emphasis supplied.)

Thus, no objection whatever need be made as to substantial error, and any error that is not substantial should not be considered as cause for reversal anyway. So, after all, we need be concerned only with "substantial error."

Time and again this court has refused to consider allegedly erroneous charges to the jury, because counsel did not make *proper* objections, and a high degree of specificity is required, so much, that it is difficult to understand exactly what is required in an objection to a charge. This court has even held that the objection is not good unless the lawyer goes further and tells the court *what language should have been charged to the jury. Ga. Power Co. v. Maddox,* 113 Ga. App. 642, supra. This does not seem to comport with or lie in consonance with the language of the statute: " . . . objection need not be made with the particularity of assignments of error . . . and need only be as reasonably definite as the circumstances will permit." This language could mean anything or nothing. What is meant by the term "as the circumstances will permit?" What circumstances? This court, I repeat, has held that the lawyer must even tell the trial court what he should have charged the jury in lieu of the language objected to. Is there a lawyer anywhere who is able to get up after he has tried his case and go over the charge of the jury, excerpt by excerpt, *from memory or notes,* and then and there tell the court what parts were erroneous, how and wherein they were erroneous, with great specificity, and then tell the court as to each excerpt objected

to, what should have been charged in lieu thereof? I think not. How long—how many hours—would be consumed at the end of each trial to go through this tedious procedure. And what is the jury doing all of this time—deciding the issues in the case—or merely twiddling its thumbs until the court and counsel finish this procedure, as against the chance the court might wish to call the jury back and charge again on some of the questions alleged to be erroneous. Because after all, a re-charge is the real purpose of making the objections. How confusing is it to the jury to have a re-charge after it has considered the case for an hour or more—not because the jury has requested a re-charge, but because the court wishes to straighten out various errors in the original charge?

We are familiar with the trend of some of our Federal authorities construing their rules on this subject, and we are told that such should be given much weight, as these new rules in Georgia are modeled after the Federal rules. But, at most, the Federal authorities are persuasive, and are not binding on our Georgia courts, and I feel that they are entirely too binding on an attorney who complains of an erroneous charge to the jury. If it is to be the law that new trials should not be granted because of error in the charge, that would be preferable to having the same result reached through holding that the lawyer did not properly make objections to the error and in laying down rules with which he finds it impossible to comply. As to the binding force of Federal decision on this court, I call attention to the manner in which we have dealt with such authority in the past. See *Code Ann.* § 2-8001 (Const. of 1945); *Etowah Heading Co. v. Anderson*, 73 Ga. App. 814 (38 SE2d 71); *Hertz v. Abrahams*, 110 Ga. 707, 718 (36 SE 409, 50 LRA 361); *Thompson v. Eastern Air Lines, Inc.*, 200 Ga. 216, 222 (39 SE2d 225); *Thornton v. Lane*, 11 Ga. 459 (4).

I therefore would vote to reverse upon the ground that substantial error was committed which required no objection whatever prior to return of the verdict.