## 47520. DAUGHERTY v. VICK.

EVANS, Judge. Lois C. Daugherty sued Leah C. Vick for personal injuries and physical damage arising out of an alleged collision of two automobiles driven respectively by the plaintiff and the defendant. The defendant answered generally and denied the averments of the complaint but admitted residence, jurisdiction of the court and the general location of the automobiles driven by plaintiff and defendant at the time of the alleged colli-

---

sion. Defendant denied that a collision took place, and also averred that the plaintiff failed to exercise ordinary care for her own safety, and that the negligence of the plaintiff was equal to or greater than the negligence of the defendant. The case proceeded to trial and the jury returned a verdict in favor of the plaintiff in the sum of $1,000. Judgment followed the verdict and the plaintiff, being dissatisfied with the amount of the verdict, appeals. *Held:*

1. During the cross examination of one of plaintiff's eyewitnesses to the collision, the defendant cross examined her as to certain inconsistent statements she had made to defendant's counsel personally and by deposition. On redirect examination counsel for plaintiff sought to elicit an explanation for these apparent inconsistencies by showing the circumstances under which they were made and her reasons for making such statements. Upon objection by defendant's counsel, plaintiff stated to the court the facts he expected to establish, but the court refused to allow this proof and sustained the objection of defendant. The testimony sought to be elicited in explanation was with reference to an agent of the defendant, sent out by defendant's counsel to talk to this witness, and who used a great deal of pressure and force, thereby upsetting the witness to the extent that she actually did not want to come to court. Plaintiff's counsel intended to thereby account for the apparent inconsistency of her statements previously made. On defendant's objection the court refused to allow the examination unless it was "opened up in some other way." Counsel did not pursue the matter further. The conduct and extent of re-direct examination of witness in order to neutralize the effect of cross examination is left to the trial judge's sound discretion. *Aycock v. State,* 62 Ga. App. 812, 816 (10 SE2d 84). There is no merit in the error here enumerated.

2. The court did not err in allowing in evidence a photograph of plaintiff's automobile where the witness, a State Patrolman, testified he could not positively identify it but

it "looks like it," and thereafter stated, "I believe this to be the car." Further, counsel for plaintiff offered no reason for his objection except, "We object to it." It was within the discretion of the trial court to admit the photographs under the testimony given. *Grasham v. Southern R. Co.*, 111 Ga. App. 158, 161 (141 SE2d 189) and cits. The discretion of the trial judge in allowing the photograph in evidence has not been shown to have been abused and indeed no proper objection was made thereto.

3. In her complaint the plaintiff contended that she could anticipate future medical expenses in the approximate amount of $1,000. There was some evidence that her injury was permanent but there was no sufficient evidence as to future medical expense. Plaintiff contends that same was authorized by the testimony of Dr. Gillespie, who testified by deposition: "This is just simply trying to clarify the fact that right now, from what I see, I think that further studies and/or treatment and/or surgery is indicated." The trial court properly held this testimony was too inconclusive and conjectural to form the basis of a claim for future medical expense. It was held in *Peak v. Cody*, 113 Ga. App. 674 (4) (149 SE2d 519), that prospective medical expenses, *which are authorized by the evidence*, are recoverable in this State. But here there was no prospective medical expense authorized by the evidence, and the trial court ruled correctly on this matter.

4. At the completion of the court's charge counsel for plaintiff objected on the ground that the court failed to properly cover any charge as to future loss of earnings. The court's charge, as a whole, was full and fair to both plaintiff and defendant. There were no pleadings as to future lost earnings, and no written request to charge on this subject. It has been held time without number that in such cases, there is no error in failing to give such instructions to the jury. *City of Brunswick v. Glogauer*, 158 Ga. 792 (1), 816 (124 SE 787); *Palmer v. Hinson*, 201 Ga. 654, 657 (40 SE2d 526); *Collins v. Williams*, 202 Ga. 710 (1) (44 SE2d 799).

5. Whether or not there was error in the court's charge to the effect that any amount awarded for future pain and suffering should be reduced to its present cash value, plaintiff failed to make an objection when given an opportunity by the court at the end of the charge, as required by law. See *Code Ann.* § 70-207 (§ 17 Appellate Practice Act of 1965, as amended by § 9, Ga. L. 1968; Ga. L. 1965, pp. 18, 31; Ga. L. 1968, pp. 1072, 1078); *U. S. Security Warehouse v. Tasty Sandwich Co.,* 115 Ga. App. 764 (1) (156 SE2d 392); *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393); *Black v. Aultman,* 120 Ga. App. 826 (1) (172 SE2d 336), in which latter case this writer dissented, see pages 834, 838.

6. For the reasons stated above this case is

*Affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 7, 1972—DECIDED DECEMBER 4, 1972—REHEARING DENIED DECEMBER 19, 1972—

*Altman & Fowler, Sol Altman, Robert B. Williamson,* for appellant.

*Alexander, Vann & Lilly, Frank T. Holt,* for appellee.