75854. KITTLES et al. v. KITTLES.
(370 SE2d 803)

McMURRAY, Presiding Judge.

This case was before this court in *Kittles v. Kittles*, 181 Ga. App. 471 (352 SE2d 649), after Georgia Kittles' (widow) application for a "third year's support" was denied based on the fact that there were "substantial debts" of the estate at the time the widow's petition was filed. We reversed because the widow was not allowed to present evidence to support her contention that the executors of the estate, William H. Kittles and Johanna K. Kittles, wrongfully failed to pay the estate's debts for the purpose of defeating her claim for year's support. This appeal followed a jury trial in which the widow was awarded a third year's support comprising $30,000 and a tract of real property. *Held*:

1. In their first and fourth enumerations of error, the executors contend the trial court erred in allowing evidence of estate debts which existed after the widow filed her petition for year's support and, in their third enumeration of error, the executors argue that the trial court erred in allowing evidence of the widow's current medical expenses. They argue that such evidence was irrelevant.

"Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly." OCGA § 24-2-1. However, "[a]dmissibility of evidence is a matter which rests largely within the sound discretion of the trial court, and if an item of evidence has a tendency to help establish a fact in issue, that is sufficient to make it relevant and admissible. *Alexander v. State*, 239 Ga. 108, 110 (236 SE2d 83). Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. *Crass v. State*, 150 Ga. App. 374, 377-378 (257 SE2d 909)." *Lewis v. State*, 158 Ga. App. 586 (1), 587 (281 SE2d 331).

In the case sub judice, one of the issues before the jury was the amount of year's support the widow was entitled to recover. The amount of year's support is "to be determined using the criteria established in subsection (c) of [OCGA § 53-5-2] and keeping in view also *the solvency of the estate*." (Emphasis supplied.) OCGA § 53-5-2

(b). Subsection (c) (2) of this Code section provides that other "criteria as the court deems equitable and proper" is relevant to the amount of the widow's year's support. From this perspective, we find that the trial court did not abuse its discretion in allowing evidence of estate debts and in allowing evidence of the widow's current medical expenses as this evidence was relevant to the estate's "solvency" and to determining the amount needed by the widow for year's support.

2. In their second enumeration of error, the executors contend the trial court erred in allowing the widow to testify "regarding her alleged ministrations to the decedent during his last illness, the nature and types of such illness, the length of such illness, and her inability to get help from [the executors]." While such testimony seems to bear little, if any, relevance to the issues before the jury, i.e., whether the executors deliberately and intentionally failed to satisfy debts against the estate for the sole purpose of preventing the widow from exercising her claim to a year's support and, if so, the amount of year's support the widow is entitled to receive, we recognize that " '[o]ur appellate courts have consistently adhered to the rule that an objection to the admission of evidence on the sole ground that it is "irrelevant" is insufficient to show error requiring reversal. (Cits.) . . .' *Jefferson v. State*, 157 Ga. App. 324, 325-26 (277 SE2d 317) (1981)." *Daniels v. State*, 183 Ga. App. 222 (1), 223 (358 SE2d 637). Consequently, this enumeration of error is without merit.

3. Next, it is argued that the trial court erred in allowing the widow's attorney to cross-examine executor William H. Kittles regarding the estate's defense to the widow's petition for a second year's support. In this regard executor William H. Kittles affirmed on cross-examination that he authorized the estate's attorney to argue that the executors' motives in failing to pay estate debts is irrelevant to the widow's claim for a year's support.

"Although the scope of the cross-examination is not unlimited every party has a right to a thorough and sifting cross-examination of opposing witnesses the scope of which examination rests largely within the discretion of the trial judge." *Jackson v. State*, 157 Ga. App. 604, 605 (3) (278 SE2d 5). In the case sub judice, considering the widow's position that the executors intentionally failed to pay estate debts to defeat her right to a year's support, we find that the trial court did not abuse its discretion in allowing this line of cross-examination. See *Lewis v. State*, 158 Ga. App. 586 (1), supra.

4. In their sixth enumeration of error, the executors contend the trial court erred in denying their motion for directed verdict, arguing that the evidence was insufficient to sustain a finding that they intentionally failed to pay estate debts in order to defeat the widow's claim for year's support.

"The standard of appellate review of a trial court's denial of a

motion for directed verdict is the 'any evidence test.' *United Fed. Savings &c. Assn. v. Connell,* 166 Ga. App. 329, 330 (1) (304 SE2d 131) (1983)." *Little v. Little,* 173 Ga. App. 116 (1) (325 SE2d 624). The pivotal issue in the case sub judice was directed to the executors' intent in failing to pay estate debts. "The intent with which an act is committed is not often capable of direct proof. It has always been held to be a question for the jury, to be drawn from the circumstances of the transaction under investigation." *Davis v. State,* 53 Ga. App. 325 (1), 326, 327 (185 SE 400). In the case sub judice, evidence which supports the jury's finding that the executors intentionally failed to pay estate debts so as to defeat the widow's petition for year's support was as follows: Estate assets were valued at over $150,000 while estate debts were only $20,000; Executor William H. Kittles affirmed on cross-examination that he did not try to sell property so that he would have assets to pay the debts of the estate and he explained that the reason he refused to sell estate assets was that "as an executor I have a responsibility also to preserve some of this property for the beneficiaries under the will." Considering this evidence along with evidence showing that executor William H. Kittles was aware that estate debts would defeat the widow's petition for year's support, we find the trial court did not err in failing to direct a verdict for the executors. This enumeration of error is without merit.

5. The executors' seventh, eighth and ninth enumerations of error challenge the trial court's failure to charge certain of their written requests.

"[I]n all civil cases, no party may complain of . . . the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." OCGA § 5-5-24 (a). Although this Code section also provides that "[o]bjection need not be made with the particularity formerly required of assignments of error and need only be as reasonably definite as the circumstances will permit," the executors' objection that "[w]e except to the failure of the Court to charge [executors'] request No. 1A, 4, and 5, in that we believe that each of these requests to charge contain the correct statement of law which is properly adjusted to the evidence," fails to meet the requirements of the statute.

"The mere exception to a failure to give a numbered request to charge fails to meet [the] requirement [of OCGA § 5-5-24 (a)]. *U. S. Security Warehouse, Inc. v. Tasty Sandwich Co.,* 115 Ga. App. 764 (1) (156 SE2d 392). 'To be reviewable the objection must be unmistakable in its purport in directing the attention of the trial court to the claimed error and must point out distinctly the portion of the charge challenged. The grounds of error urged must be stated with sufficient particularity to leave no doubt as to the portion of the

charge challenged or as to what the specific ground of challenge is. The grounds of error urged must fully apprise the court of the error committed and the correction needed to cure the error.' *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393)." *Black v. Aultman,* 120 Ga. App. 826 (1), 827 (172 SE2d 336).

Further, OCGA § 5-5-24 (c) provides that "[n]otwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." In the case sub judice, the refusal to give the charges requested show no such harmful error as a matter of law so as to require their consideration under subsection (c) of the statute. In fact, assuming appropriate objections were made, an examination of the requested charges shows that the subject matter of one of the charges was covered in the trial court's instructions and that the other two requested charges were not supported by the evidence.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 14, 1988.

*Daniel H. White, Thomas H. Draffin,* for appellants.
*Robert P. Killian,* for appellee.