## A91A0721. WOMACK v. BURGESS.
### (408 SE2d 159)

POPE, Judge.

Plaintiff John Franklin Burgess filed a negligence action against defendant Wilma Annette Black Womack alleging he suffered injuries which exacerbated a pre-existing condition when defendant backed her vehicle out of a driveway onto the road and into the path of plaintiff's vehicle, causing a collision. Judgment was entered on the jury verdict awarding plaintiff $30,000 and defendant appeals.

1. Plaintiff presented no evidence of medical bills incurred as a result of the accident but the trial judge allowed the jury to consider plaintiff's claim for future medical expenses. In this regard, plaintiff's doctor testified plaintiff would be required to spend a minimum of $500 per year on medication. In addition, he testified plaintiff might have to undergo a surgical procedure which would cost approximately $15,000. In the doctor's opinion, the likelihood that such a procedure would be required was "50/50." The necessity for the procedure would depend upon the diagnostic results of a myelogram and other tests. According to the doctor's testimony, whether these tests would be performed depended upon whether plaintiff continued to suffer pain and limitation of activity "to the point that he is not gainfully employed . . . ." However, because the operation offered limited results and involved risks, it was the doctor's opinion that, "as long as his symptoms are not worse than they are right now, I think he needs to wait and see how long he can tolerate this." Defendant objected to the testimony concerning surgery on the ground it was insufficient to support a finding of such damages, but the objection was overruled. Defendant also objected to the giving of jury instructions on future medical expenses. On appeal defendant argues the trial court erred in admitting evidence of future medical expenses and in charging the

jury that such damages could be awarded.

Sufficient evidence was presented to submit to the jury plaintiff's claim for future expenses for medication. We agree, however, that the trial court erred in submitting to the jury the issue of future surgical expenses. In *Daugherty v. Vick*, 127 Ga. App. 767 (195 SE2d 208) (1972), in which plaintiff's expert medical witness testified: " 'I think that further studies and/or treatment and/or surgery is indicated,' " this court held the "testimony was too inconclusive and conjectural to form the basis of a claim for future medical expense." Id. at 769 (3). "Where no evidence is presented from which the jury can ascertain except by mere speculation and conjecture that [plaintiff] would ever have future medical expenses, a charge on this subject is erroneous. *Clayton County Bd. of Ed. v. Hooper*, 128 Ga. App. 817, 818 (1) (198 SE2d 373) [(1973)] and cases cited." *Wayco Enterprises v. Crews*, 155 Ga. App. 775, 776 (1) (272 SE2d 745) (1980). See also *Bankers Health &c. Ins. Co. v. Fryhofer*, 114 Ga. App. 107 (150 SE2d 365) (1966); *Camp v. Emory Univ.*, 95 Ga. App. 442 (98 SE2d 66) (1957); cf. *Georgia Cas. &c. Co. v. Jernigan*, 166 Ga. App. 872 (305 SE2d 611) (1983) (in which this court ruled the testimony of a medical expert establishing only a possibility, and not a probability, of causal connection between an automobile collision and plaintiff's injuries was not erroneously admitted as speculative where other non-expert evidence authorized a finding of causal connection).

2. Defendant's remaining three enumerations of error relate to alleged errors in the charge to the jury. We have examined the charge and conclude, as a whole, it is an accurate statement of the law and is not incomplete or confusing and thus provides no ground for reversible error. For the reason set forth in Division 1, however, the judgment must be reversed and defendant is entitled to a new trial.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 8, 1991.

*Reinhardt & Whitley, Glenn Whitley*, for appellant.
*Allen, Kelley & Sowell, Lynn Kelley*, for appellee.